By the Court:
The main question set up in the defense is whether a person in possession of land, which has-been sold on 'judgment and execution against him, can defend himself against the purchaser under the sheriff by setting up a mortgage executed by himself, on the premises, before the judgment became a lien on those premises. The question maybe so stated, because it has been decided by this court in Rhodes v. Symmes, 1 Ohio, 313, that a judgment is not a lien on after-acquired lands till a levy is actually made; consequently the case stands as it would have done if the mortgage had been executed before the rendition of the judgment.
It has been decided by this court, as often as the subject has been presented, that the execution and delivery of a mortgage does not divest the mortgagor of his legal title. In Hitchcock v. Harrington, 6 Johns. 290, it is stated by Kent, Chief Justice, to be the settled law in that court, and in the court for the correction of errors, that the mortgagor is to be deemed seized (notwithstanding the mortgage) as to all persons, except the mortgagee and his representatives. When the interest of the mortgagee, is not in question, the mortgagor, before foreclosure or entry under the mortgage, is now considered at law as the owner of the *land, and it was decided in that case that neither the heir of the mortgagor nor his assignee could deny the seizin. The mortgage is for the exclusive benefit of the mortgagee and those claiming under him, and until steps are taken to enforce it, it is only a lien on the land in which third persons have no concern. *206 A mortgagor can not be permitted to disown his legaL rights to the prejudice of his creditors, or to protect himself in the possession and enjoyment of his estate, by admitting the existence of rights in third persons, who do not appear to set them up, which rights can not be affected directly or indirectly by the success or failure of his defense. The property in the possession of the plaintiff will be as liable and as sufficient to satisfy the debt as it will be if it remains with the defendant. If the moz’tgaged premises be of greater value than the debt for which they are pledged, the plaintiff, by his purchase from the sheriff, is entitled to the difference. The equity of redemption, as well as the legal estate, was vested in Butler at the time of the levy and sale, and it was decided in Waters v. Stewart, 1 Caine’s Cases Error, 47, that an equity of redemption may be sold on execution.
The rights of Hinchley are not involved in this question. Were he in possession, and an ejectment brought against him, he might protect himself by his mortgage, but neither the mortgagor nor any other person not claiming under the mortgagee, can set up the right of the mortgagee to defeat the sheriff’s sale.
In Klein’s Lessee v. Graham, 3 Caine, 188, it was decided that in an action of ejectment, by the purchaser at sheriff’s sale against the debtor, the defendant can not show title in another, because the plaintiff goes into his shoes, and acquires the same right, whether possessory or otherwise, which he held, and nothing moz'e. Much less shall he be permitted, as in the present case, to set up a mortgage, executed by himself, which not only admits his possessory right, but also his legal title.
The plaintiff purchased all the right of Butler, be it more or less, and if that right consisted merely of a naked possession, Butler can not be permitted to dispute it.
*In Jackson v. Willard, 4 Johns. 41, it was said to be an affront to common sense to say that a mortgagor in possession was not the real owner. In that case it was decided that the mortgagee held only a chattel interest, which could not be sold on execution after the debt become due, but before foreclosui'e, and while the mortgagor remained in possession. This being the law in relation to the rights of the mortgagee, if mortgaged premises can not be sold as the property of the mortgagor, subject to the mortgage, they are placed beyond the reach of creditors, and are completely protected against the debts both- of mortgagor and *207 mortgagee. But we do not consider it necessary to pursue this subject further. We are satisfied with the decisions heretofore made, that the legal title to mortgaged premises remains in the mortgagor, while he continues his possession, whether the debt for the security of which the mortgage was given, has become due or not. On this ground the sheriff’s sale was regular; the purchaser acquired the legal title, subject to the mortgage, and he stands in the shoes of the mortgagor, who can not be allowed to set up the mortgage as evidence against his own title.
Judgment for plaintiff.