Matthias, J.
 

 This case presents but one question: In a suit to procure a personal judgment upon a promissory note, and also to foreclose a mortgage which secures such note, may the court enter personal judgment for the entire amount found to be due prior to the foreclosure of the mortgage and sale of the premises, or must rendition of judgment be deferred until the result of the sale is ascertained and the deficiency determined, and judgment then rendered only for the amount of such deficiency?
 

 We had supposed this proposition had become so well settled as to be beyond controversy. The practice of rendering judgment for the full amount due upon the note constituting the cause of action has been well established and long recognized. But it having been challenged in this case, our examination of the question is required.
 

 We start with the principle that the note is the primary evidence of the debt, and the mortgage is merely the security for the payment thereof. The holder may sue thereon and obtain personal judgment for the
 
 *349
 
 full amount due, and disregard entirely the mortgage security. The fact that there is such security takes away no right or remedy of the holder of the note.
 

 The enactment of Section 11306, General Code, authorizes plaintiff to unite several causes of action, whether legal or equitable, or both. .Under subdivision 9 of that section a plaintiff may unite “claims to foreclose a mortgage given to secure the payment of money * * * and to recover a personal judgment for the debt secured by such mortgage.” Authority to combine such causes of action subtracts nothing from the rights formerly possessed under either separate cause of action. They are thus merely brought into one action for enforcement. Their independent characteristics are retained. The holder of a note secured by mortgage therefore has the same right he theretofore had by separate cause of action to have a “personal judgment for the debt,” which is the amount due on his note.
 

 Subdivision 9 of the statute was originally enacted in 1864 (61 Ohio Laws, 9), and followed the announcement in the case of
 
 McCarthy
 
 v.
 
 Garraghty,
 
 10 Ohio St., 438, which indicates a doubt as to the proper joinder of such causes of action had the point been presented. Soon thereafter, in
 
 King
 
 v.
 
 Safford,
 
 19 Ohio St., 587, this court held: “Under the act of Feb. 19th, 1864 (S. & S.
 
 575),
 
 the holder of a note secured by mortgage may, in a single action, demand and have a judgment against all the makers of the note, and a sale of the mortgaged premises, although the mortgage is executed only by a part of the makers of the note.” Referring to the statute providing for joinder of causes of action, it was said in the opinion in
 
 Maholm
 
 v.
 
 Marshall,
 
 29 Ohio St., 611, at page 616, “This exactly meets and provides a remedy for the doubt impliedly expressed in
 
 McCarthy
 
 v.
 
 Garraghty,
 
 and it will be observed that the right to ask for and obtain a
 
 *350
 
 personal judgment, is made a mere incident to the action for foreclosure.”
 

 In
 
 Giddings
 
 v.
 
 Barney,
 
 31 Ohio St., 80, in referring to the same statutory provisions it is said: “The very object of this provision was, in actions for the foreclosure of mortgages given to secure the payment of money, or in which a specific lien for money claimed to be due, is sought to be enforced, to enable a party to obtain a judgment at law upon the secured debt, and a decree foreclosing the mortgage, or enforcing the lien, in the same action.”
 

 For the purpose of subjecting the land to the payment of the mortgage debt, no personal judgment was ever necessary.
 
 Larimer
 
 v.
 
 Clemmer,
 
 31 Ohio St., 499. In every case where the question has been discussed the Supreme Court of this state has recognized the right of the holder of a note secured by mortgage to a personal judgment for the debt.
 
 Southward
 
 v.
 
 Jamison,
 
 66 Ohio St., 290, 311, 64 N. E., 135. There are states, where, by statutory provision, deficiency judgments only can be rendered in foreclosure proceedings. Decisions from those states, and textbook comments based upon such citations, can of course have no application where there is no such statutory limitation or restriction. Such holding in this state would in effect repeal paragraph 9 of Section 11306, General Code, reverse the uniform practice of our courts, covering a period of eighty years, and reinstate ancient equity procedure.
 

 Our conclusion is that where an action for personal judgment on a note is joined with an action in foreclosure of a mortgage securing such note, judgment may be rendered for the full amount due upon the note prior to the sale of the mortgaged premises and need not be deferred until the result of the sale is ascertained and the deficiency determined.
 

 The action of the trial court was correct and the
 
 *351
 
 affirmance of the same by the Court of Appeals is approved.
 

 Judgment affirmed.
 

 Day, Allen, Stephenson and Jones, JJ., concur.
 

 Weygandt, C. J., and Kinkade, J., not participating.