Matthias, J.
 

 The question presented by these facts is whether Washer, who executed said note and mortgage, was discharged from liability thereon by virtue of the agreement entered into by Tontar, the owner of the note and mortgage, with the owner of the premises, whereby the time of payment of said note was extended without Washer’s consent.
 

 The contention made by plaintiffs in error is that a valid and binding agreement entered into by the holder of a note, secured by mortgage, and a subsequent
 
 *113
 
 grantee of the mortgaged property, extending the time of payment without the knowledge of the maker of the note, releases the maker of the note to the extent of the loss resulting from such extension.
 

 It is pertinent at the outset to call attention to the principle that the promissory note is the primary evidence of the debt, and that the mortgage on the real estate in question is merely the security for the payment of the note. The obligation of the maker of the note is the full amount found to be due thereon. The fact that there is security therefor takes away no right or remedy of the holder of the note, nor does it affect the liability of the maker of the note.
 
 Simon
 
 v.
 
 Union Trust Co.,
 
 126 Ohio St., 346, 185 N. E., 425.
 

 Our only question is whether the maker of the note has been released in whole or in part from liability for payment in accordance with its provisions. In consideration of that question we may disregard entirely the second syllabus- in-the case of
 
 Teeters
 
 v.
 
 Lamborn,
 
 43 Ohio St., 144, 1 N. E., 513, relied upon by plaintiffs in error, for that statement was mere
 
 obiter
 
 and was emphatically disapproved by the court in the ease of
 
 Denison University
 
 v.
 
 Manning,
 
 65 Ohio St., 138, 61 N. E., 706. In the latter case the court held that facts practically the same as those presented in the instant case fall short of establishing “that the payee agreed to accept such purchasers as principal debtors and to release the makers from the obligation save as sureties.” The true relationship of the parties is clearly stated by Judge Spear, when he says, at page 149: “That, as between the mortgagor and the purchaser, the general relation of surety and principal may be created by reason of their contract, can be conceded, but this falls very far short of changing the relation of a mortgagor from a principal to a surety as respects the mortgagee. The mortgagor has received the full consideration and has executed his solemn
 
 *114
 
 promise in writing to pay the obligation unconditionally.”
 

 Subsequent to the decisions above cited the Negotiable Instruments Act was passed, and, as held in
 
 Richards
 
 v.
 
 Market Exchange Bank Co.,
 
 81 Ohio St., 348, 90 N. E., 1000, 26 L. R. A. (N. S.), 99, on any point specifically dealt with that statute is controlling. No good purpose can therefore be served by a discussion of the law as it previously existed and by assuming that no change was intended by the enactment of the statute.
 

 The court in the case last cited, at page 361, proceeded to apply the specific provisions of the statute and to ‘ ‘ accord its terms controlling effect where they are inconsistent with previous legislation and judicial interpretation of the common law,’’ and arrived at the conclusion announced in the syllabus, as follows :
 

 “2. Section 3175./, Revised Statutes [Sec. 8224, General Code], relating to the discharge of negotiable instruments, provides in what manner, and for what' causes, such instruments may be discharged, and, by force of the rule
 
 expressio unius est exclusio alterius,
 
 sureties upon such instruments who are primarily liable thereon cannot be otherwise relieved from responsibility for their payment.
 

 “3. The rule of the common law that any agreement between the holder of a promissory note and the principal, which varies essentially the terms of the contract by which a surety is bound without the consent of such surety will work his release from liability, is no longer in force as to one who has signed on the face of the instrument, such rule having been in effect abrogated by Section
 
 B175j,
 
 Revised Statutes.” (Section 8224, General Code.)
 

 In this case there is presented the mere fact of postponement of time of payment. There are not present facts essential to constitute a novation, there having been no acceptance of the assuming grantee as the
 
 *115
 
 principal debtor; neither can the doctrine of estoppel be applied.
 

 Being of the opinion that the judgment of the Court of Appeals is in all respects correct, it is affirmed.
 

 Judgment affirmed.
 

 Allen, Stephenson, Jones and Bevis, JJ., concur. Weygandt, C. J., not participating.