Zimmerman, J.
 

 Section 11663-1, General Code, in its present form, became operative in August of 1939 and states in terms that it “shall apply to all actions and proceedings pending and all judgments existing at the effective date thereof.” Such statute was held constitutional in the case of
 
 Montalto
 
 v.
 
 Yeckley,
 
 138 Ohio St., 314, 34 N. E. (2d), 765. See, also,
 
 Lash, Admx.,
 
 v.
 
 Mann,
 
 141 Ohio St., 577, 49 N. E. (2d), 689.
 

 It is at once apparent that the controlling question before us is the applicability of Section 11663-1, General Code, to the facts of this case.
 

 So much of the statute as is pertinent to the pending controversy reads as follows:
 

 
 *5
 
 “Any judgment for money rendered * * * upon any indebtedness, which is secured * * * by a mortgage * * * on real property * * * upon which real property there has been located a dwelling
 
 * *
 
 * for not more than two families which has been used in whole or in part as a home * * * shall be unenforceable as to any deficiency remaining due thereon, after the expiration of two years from the date of the confirmation of any judicial sale of such property completed subsequent to the rendition of such judgment, or after August 19, 1939, whichever shall be later.”
 

 Although Section 11663-1, General Code, is, in effect, a statute of limitation
 
 (Lash, Admx.,
 
 v.
 
 Mann, supra)
 
 and should not be extended beyond its plain objective, it is also a statute of repose, designed to protect the individual from being pursued upon stale claims and should be approached and construed in the spirit of its enactment.
 
 Townsend
 
 v.
 
 Eichelberger,
 
 51 Ohio St., 213, 216, 38 N. E., 207, 208.
 

 Here, an action for personal judgment on the promissory note signed by Nettie Pejsa Kune was joined with an action to foreclose the mortgage on the real estate • given to secure such note. Judgment was rendered for the full amount due upon the note prior to any sale of the mortgaged property. This procedure was authorized and proper.
 
 Simon
 
 v.
 
 Union Trust Co.,
 
 126 Ohio St., 346, 185 N. E., 425. The judgment creditor might have attempted to collect the personal judgment without resort to the mortgaged property, or he might have had such property sold, with the application of the proceeds of sale for the purpose of reducing or satisfying the personal judgment. .
 

 In the present instance, the judgment creditor elected to have only a part of the mortgaged premises sold, although the whole of it was amenable to sale.
 

 The principal contention of Union Properties, Inc., is
 
 *6
 
 that it had the right to resort to a proceeding in aid of execution to subject monies due Nettie Pejsa Kune to the reduction or satisfaction of the balance of the money judgment rendered against her; and that Section 11663-1, General Code, does not affect such right because no “deficiency” can exist within the meaning of that term as used in the statute until
 
 all
 
 the mortgaged property has been sold.
 

 A majority of this court finds itself in disagreement with such contention. In the instant case, as has already been noted, there was a money judgment rendered on an indebtedness secured by a mortgage on real property, containing a single family dwelling used for a home. After the rendition of the money judgment, that part of the mortgaged real estate upon which the house stood was sold in 1937 pursuant to court order and the sale was confirmed. When the proceeds of such sale were credited against the original money judgment the difference represented a deficiency — a shortage — then and there, which deficiency might have been lessened or wiped out by proceeding-promptly against other property or monies of the debtor or by selling the remainder of the real estate covered by the mortgage.
 

 Black’s Law Dictionary (3 Ed.) defines “deficiency” as “a lack, shortage or insufficiency. The difference between the total amount of the debt or payment meant to be secured by a mortgage and that realized on foreclosure and sale when less than the total.”
 

 Nothing further was done toward collecting the “deficiency” until 1944. Section 11663-1, General Code, plainly says that after the expiration of two years from the date of the confirmation of
 
 any
 
 judicial sale of mortgaged real estate of the character described, completed subsequent to the rendition of the money judgment, or after August 19,1939, whichever date shall be
 
 *7
 
 later, the original money judgment shall be unenforceable as to
 
 any
 
 deficiency remaining due thereon.
 

 In our opinion, Nettie Pejsa Kune comes within the protection afforded by the statute and properly interposed it in opposition to the efforts of Union Properties, Inc., to collect the balance of the original money judgment entered against her.
 

 Upon the conclusion reached, the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas is affirmed.
 

 Judgment reversed.
 

 Turner, Matthias, Iíart and Sohngen, JJ., concur.
 

 Weygandt, C. J., dissents.
 

 Stewart, J., not participating.