**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as**
*Deutsche Bank Natl. Trust Co. v. Holden,* **Slip Opinion No. 2016-Ohio-4603.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-4603

DEUTSCHE BANK NATIONAL TRUST COMPANY, TRUSTEE, APPELLANT, *v.*

HOLDEN ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Deutsche Bank Natl. Trust Co. v. Holden,* Slip Opinion No. 2016-Ohio-4603.]**

*Foreclosure—Standing—Action at law on promissory note to collect mortgage debt is separate and distinct from action in equity to enforce mortgage lien— When debt on promissory note secured by mortgage has been discharged by bankruptcy court, holder of note may not pursue collection against maker of note; however, holder of mortgage has standing to foreclose on property and collect deficiency on note from foreclosure sale.*

(No. 2014-0791—Submitted January 27, 2016—Decided July 1, 2016.)

APPEAL from the Court of Appeals for Summit County,

No. 26970, 2014-Ohio-1333.

_____

**SYLLABUS OF THE COURT**

1. An action at law on a promissory note to collect a mortgage debt is separate and distinct from an action in equity to enforce the mortgage lien on the property.

2. When debt on a promissory note secured by a mortgage has been discharged by a bankruptcy court, the holder of the note may not pursue collection against the maker of the note; however, the holder of the mortgage has standing to foreclose on the property and to collect the deficiency on the note from the foreclosure sale of the property.

_____

**O'DONNELL, J.**

{¶ 1} Deutsche Bank National Trust Company appeals from a judgment of the Ninth District Court of Appeals that reversed a grant of summary judgment in a foreclosure action that it filed against Glenn E. and Ann M. Holden. The appellate court concluded that only the current holder of the *note and mortgage* has standing to file a foreclosure action, and it therefore reversed the trial court, concluding that genuine issues of material fact existed regarding whether Deutsche Bank owned the note at the time it commenced this action.

{¶ 2} This court, however, has recognized that an action on a promissory note is different from an action on a mortgage securing the note and that the two actions are separate and distinct remedies to collect a debt. While the party entitled to enforce the note pursuant to R.C. 1303.31 has standing to seek a personal judgment against the maker on that obligation, the mortgagee—or its successors and assigns—has standing to foreclose a mortgage and pursue a judicial sale to recover any amounts owed under the mortgage, as evidenced by the deficiency on the note.

{¶ 3} In this case, Deutsche Bank did not seek to obtain a judgment against Glenn or Ann Holden in an effort to collect on the note because that obligation had

been discharged by a bankruptcy court. However, the bankruptcy proceeding did not extinguish the mortgage lien that the bank held on the secured property. Thus, in this case, because the bank owned the mortgage at the time that it commenced the foreclosure action, it had standing to foreclose on the property and the right to collect the deficiency on the note from the proceeds of the foreclosure sale.

{¶ 4} Accordingly, we reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

{¶ 5} The typical progression of an action to foreclose a mortgage involves a legal action against the maker of a note who has defaulted on payments together with an equitable action on the mortgage to force a sale of the property based on the lender's secured position. The two forms of action proceed concurrently, as the judgment on the note provides the evidence needed to permit the secured party to foreclose and force a sale of the property to collect the amount of deficiency from the equity in the real estate.

{¶ 6} This case is different. It is an outlier, because in this unique case, the secured party, Deutsche Bank, cannot obtain a judgment on the note and the Holdens have no obligation to satisfy it because the bankruptcy court has discharged their obligation in that regard. Hence, the issue of standing, i.e., whether a party filing a lawsuit has been damaged and therefore has a justiciable claim, *see Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 21, becomes moot with regard to this note because no judgment can be obtained on it by virtue of the bankruptcy discharge of the maker's obligation.

{¶ 7} In these kinds of circumstances, the secured party in possession of a mortgage, as Deutsche Bank here, raises a question of whether its secured position on the mortgage establishes its standing to file an equitable action in foreclosure to collect the deficiency on the note from the equity in the property even though it may not proceed against the maker of the note—Glenn Holden—because of the

bankruptcy discharge. The answer is that it has standing to foreclose on its mortgage, and it can use the deficiency on the note as evidence to establish the amount it may collect from the forced sale of the property.

**Facts and Procedural History**

{¶ 8} On September 1, 2005, the Holdens refinanced the mortgage on their home at 1050 Shadybrook Drive in Akron, Ohio. Glenn Holden executed a promissory note for $69,300 in favor of Novastar Mortgage, Inc., and both Holdens signed a mortgage identifying Mortgage Electronic Registration Systems, Inc. ("MERS") as mortgagee, as nominee for Novastar and its successors and assigns.

{¶ 9} On or about November 1, 2005, Deutsche Bank purchased the debt in its capacity as trustee for Soundview Home Loan Trust 2005-4, Asset-Backed Certificates, Series 2005-4, and the next month, JPMorgan Chase Bank, N.A., the loan servicer, received physical possession of the original note, indorsed in blank, on behalf of Deutsche Bank. Thereafter, the Holdens sent their mortgage payments to Chase Bank.

{¶ 10} By August 2009, the Holdens had trouble making their mortgage payments. Chase advised them that they had to be delinquent on their loan in order to seek a modification, and the Holdens defaulted. After being unable to modify the loan, they petitioned for Chapter 7 bankruptcy relief, and the bankruptcy court discharged their obligations on the note.

{¶ 11} Deutsche Bank received an assignment of the mortgage from MERS on September 17, 2010, and recorded it with the Summit County Fiscal Officer 11 days later.

{¶ 12} On August 12, 2011, Deutsche Bank filed this foreclosure action against the Holdens, CitiFinancial, Inc., and Chase Bank, attaching copies of the promissory note, the mortgage, and the assignment of the mortgage. However, the copy of the promissory note attached to the complaint was not indorsed by Novastar. The Holdens filed an answer and counterclaims for violations of the Fair

4

Debt Collection Practices Act and the Ohio Consumer Sales Practices Act as well as claims for fraud and invasion of privacy, all premised on allegations that Deutsche Bank did not own the promissory note or the mortgage at the time it commenced the foreclosure action.

{¶ 13} Both parties moved for summary judgment. In support of its motion, Deutsche Bank presented an affidavit from Megan L. Theodoro, an assistant secretary for Chase Bank, stating that Deutsche Bank purchased the note from Novastar on November 1, 2005, and as servicer, Chase Bank retained physical possession of the note from December 2005 until it forwarded the note to Deutsche Bank's attorney to file this action. She explained that when Chase received the note, it was indorsed in blank, and she authenticated a copy of the original note bearing an undated blank indorsement as well as the Holdens' payment history showing their default. Deutsche Bank also relied on the deposition of Frank Dean, a home loan research officer for Chase, who testified to the validity of the mortgage assignment.

{¶ 14} The trial court granted summary judgment to Deutsche Bank and denied summary judgment to the Holdens, finding that the bank was the holder of the note and the assignee of the mortgage prior to the commencement of the action and therefore had standing to foreclose the mortgage. As a result, the court entered a decree of foreclosure in favor of Deutsche Bank and denied all counterclaims.

{¶ 15} The court of appeals reversed, explaining that a foreclosure action can be brought only by the current holder of both the note and the mortgage and concluding that genuine issues of material fact existed regarding whether Deutsche Bank owned the note when it commenced the action, because the note attached to the complaint lacked an indorsement and "Deutsche Bank has failed to explain why Chase would have an unindorsed copy of the note in its possession since it was only the servicer for Deutsche Bank and not for MERS or Novastar." 9th Dist. Summit No. 26970, 2014-Ohio-1333, ¶ 7, 13, 15.

**Positions of the Parties**

{¶ 16} On appeal to this court, Deutsche Bank maintains that a party has standing to foreclose if it has an interest in either the note or the mortgage, that a note and mortgage are separate contracts imposing independent obligations on the parties, and that those contractual interests may be enforced in separate actions. According to Deutsche Bank, Ohio law permits a person with the right to enforce the note to commence a foreclosure action, because it is presumed that the negotiation of the note operates as an equitable assignment of the mortgage. The bank urges the court to adopt the approach of the Restatement of the Law 3d, Property (Mortgages) and hold that the right to enforce the note also follows from the assignment of the mortgage securing it. Deutsche Bank argues that it had the right to enforce the note and the mortgage at the time it commenced this action but because the obligation on the note had been discharged by the bankruptcy court, the assignment of the mortgage establishes its standing to sue.

{¶ 17} The Holdens maintain that Ohio law requires the party bringing the action to be the one who suffered injury and that in a foreclosure action, the injury is the default on the note. However, they explain, R.C. 1303.31 identifies those entitled to enforce the note, and they contend that the assignee of the mortgage securing a note is not included in that statute. Citing *Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, and cases from the highest courts of Connecticut, Illinois, Maine, New Mexico, Oklahoma, South Carolina, Vermont, and Wisconsin, they assert that only the person owning both the note and the mortgage has standing to file a foreclosure action. They acknowledge that Ohio law recognizes that the assignment of the note effects the transfer of the mortgage securing it, but they argue that the inverse is not true, because by statute, transfer of the note requires physical delivery of the instrument. The Holdens challenge Theodoro's affidavit and Dean's testimony because neither had personal knowledge of when Novastar physically transferred the note to Deutsche Bank.

**{¶ 18}** Accordingly, the issue presented in this appeal is whether a party filing a foreclosure action is required to establish ownership of both the note and the mortgage in order to have standing to commence the action.

### Law and Analysis

**{¶ 19}** Article IV, Section 4(B) of the Ohio Constitution provides, "The courts of common pleas and divisions thereof shall have such original jurisdiction *over all justiciable matters* and such powers of review of proceedings of administrative officers and agencies as may be provided by law." (Emphasis added.) Construing this language in *Schwartzwald*, we explained that " '[s]tanding to sue is part of the common understanding of what it takes to make a justiciable case.' " 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, at ¶ 21, quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

**{¶ 20}** Standing depends on whether the claimant has a sufficient personal stake in the litigation to obtain a judicial resolution of the controversy. *Id*. Thus, to establish standing generally, a claimant must show it "suffered (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief." *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 22. We have explained that "[t]hese three factors—injury, causation, and redressability—constitute 'the irreducible constitutional minimum of standing.' " *Id*., quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Standing thus "turns on the nature and source of the claim asserted." *Id.* at ¶ 23, citing *Warth v. Seldin*, 422 U.S. 490, 500, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

**{¶ 21}** We have previously recognized that upon a mortgagor's default, the mortgagee may elect among separate and independent remedies to collect the debt secured by a mortgage. *Carr v. Home Owners Loan Corp.*, 148 Ohio St. 533, 540,

76 N.E.2d 389 (1947); *Spence v. Union Cent. Life Ins. Co.*, 40 Ohio St. 517, 520 (1884).

{¶ 22} First, the mortgagee may seek a personal judgment against the mortgagor to recover the amount due on the promissory note, without resort to the mortgaged property. *State ex rel. Squire v. Pejsa*, 148 Ohio St. 1, 5, 72 N.E.2d 374 (1947); *accord Simon v. Union Trust Co.*, 126 Ohio St. 346, 350, 185 N.E. 425 (1933) ("In every case where the question has been discussed, the Supreme Court of this state has recognized the right of the holder of a note secured by mortgage to a personal judgment for the debt"). Pursuant to R.C. 1303.31, a promissory note may be enforced by the holder, a nonholder in possession with the rights of a holder, or a person entitled to enforce a lost or dishonored instrument as provided by statute. A claimant that satisfies one of the criteria in R.C. 1303.31 has standing to obtain a personal judgment against the borrower for breach of the promise to pay that the borrower made in the note.

{¶ 23} Second, the mortgagee may bring an action to enforce the mortgage, which "is for the exclusive benefit of the mortgagee and those claiming under him." *Phelps' Lessee v. Butler*, 2 Ohio 224, 226 (1826). A mortgage conveys a conditional property interest to the mortgagee as security for a debt, *FirstMerit Bank, N.A. v. Inks*, 138 Ohio St.3d 384, 2014-Ohio-789, 7 N.E.3d 1150, ¶ 23, and upon default, legal title to the mortgaged property passes to the mortgagee as between the mortgagor and mortgagee, *Hausman v. Dayton*, 73 Ohio St.3d 671, 653 N.E.2d 1190 (1995), paragraph one of the syllabus. Because of this superior title, the mortgagee may bring an action in ejectment to take possession of the mortgaged property, receive the income from it, and apply the proceeds to the debt, restoring the property to the mortgagor when the debt is satisfied. *Levin v. Carney*, 161 Ohio St. 513, 519, 120 N.E.2d 92 (1954); *see also Bradfield v. Hale*, 67 Ohio St. 316, 323, 65 N.E. 1008 (1902).

**{¶ 24}** Third, based on the property interest created by the mortgagor's default on the mortgage, the mortgagee may bring a foreclosure action to cut off the mortgagor's right of redemption, determine the existence and extent of the mortgage lien, and have the mortgaged property sold for its satisfaction. *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396, ¶ 17; *Hausman* at 676; *Carr*, 148 Ohio St. at 540, 76 N.E.2d 389.

**{¶ 25}** We have long recognized that an action for a personal judgment on a promissory note and an action to enforce mortgage covenants are "separate and distinct" remedies. *Carr* at 540; *accord Giddings v. Barney*, 31 Ohio St. 80, 82 (1876) ("The right to proceed, in equity, to enforce the mortgage lien, and the right to proceed, at law, to collect the mortgage debt, are different but concurrent remedies"). Based on the distinction between these causes of action—i.e., one is an action on a contract, while the other is an action to enforce a property interest created by the mortgage—we have explained that "the bar of the note or other instrument secured by mortgage does not necessarily bar an action on the mortgage." *Kerr v. Lydecker*, 51 Ohio St. 240, 253, 37 N.E. 267 (1894); *accord Bradfield* at 325 (holding that an action for ejectment can be maintained after the statute of limitations on the note has expired); *Simon*, 126 Ohio St. at 350, 185 N.E. 425 ("For the purpose of subjecting the land to the payment of the mortgage debt, no personal judgment was ever necessary").

**{¶ 26}** This is true in this case, where the underlying debt that the mortgage secures has been discharged in a Chapter 7 bankruptcy proceeding. In *Johnson v. Home State Bank*, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991), the court noted that the mortgage interest survives a discharge in Chapter 7 liquidation, because

such a discharge extinguishes *only* "the personal liability of the debtor." 11 U.S.C. § 524(a)(1). Codifying the rule of *Long v.*

*Bullard,* 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886), the Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy. See 11 U.S.C. § 522(c)(2); *Owen v. Owen,* 500 U.S. 305, 308-309, 111 S.Ct. 1833, 1835-1836, 114 L.Ed.2d 350 (1991); *Farrey v. Sanderfoot,* 500 U.S. 291, 297, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337 (1991); H.R.Rep. No. 95-595, *supra,* at 361 [(1977), reprinted in U.S.C.C.A.N. 6317].

(Emphasis sic.) *Id.* at 82-83. Even in a case in which the personal liability of the debtor has been discharged in bankruptcy, however, the creditor seeking to foreclose on the mortgage must prove that it was the person or entity entitled to enforce the note secured by the mortgage.

{¶ 27} Accordingly, because the mortgage grants the mortgagee and its successors and assigns a security interest in property, upon default, the mortgagee has standing to foreclose on the mortgage and obtain a judicial sale of the property to enforce the mortgage lien against that property. "The foreclosure proceeding is the enforcement of a debt obligation," *Wilborn*, 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396, at ¶ 17, and the debt is established by the note. "Where a promissory note is secured by mortgage, the note, not the mortgage, represents the debt." *Kernohan v. Manss*, 53 Ohio St. 118, 133, 41 N.E. 258 (1895). When a debtor declares bankruptcy, "the creditor's surviving right to foreclose on the mortgage can be viewed as a 'right to an equitable remedy' for the debtor's default on the underlying obligation." *Johnson*, 501 U.S. at 84, 111 S.Ct. 2150, 115 L.Ed.2d 66. Thus, although a discharge in bankruptcy may preclude a party from enforcing the debtor's personal obligation on the note, the mortgage remains as security for the debt—the "underlying obligation"—and Deutsche Bank must still show that it is the holder of the note that establishes the debt in order to foreclose. "[T]here is a significant difference between being a *party that cannot obtain*

*judgment* on the note and being *a party that is not entitled to enforce* the note under R.C. 1303.31(A) (UCC 3–301)." (Emphasis sic.) *Fannie Mae v. Hicks*, 2015-Ohio-1955, 35 N.E.3d 37, ¶ 31 (8th Dist.). Thus, here, Deutsche Bank must still demonstrate that it is the party entitled to enforce the note—regardless of whether it can obtain a personal judgment on it against the Holdens.

**{¶ 28}** A mortgagee bears the burden to demonstrate the extent of the mortgage lien, which is measured by the amount of the outstanding mortgage debt. *See* 4 Wolf, *Powell on Real Property*, Section 37.12[5], at 37-67 (2008). Generally, "the promissory note is the primary evidence of the debt," *Washer v. Tontar*, 128 Ohio St. 111, 113, 190 N.E. 231 (1934), and the borrower's history of payments is evidence of amounts credited to reduction of the principal, which proportionately reduce the mortgage lien. 4 Wolf at 37-226.

*Schwartzwald* Clarified

**{¶ 29}** In *Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, this court determined that a plaintiff in a foreclosure action must have standing at the time the complaint is filed in order to invoke the jurisdiction of the common pleas court. " 'It is an elementary concept of law that a party lacks standing *to invoke the jurisdiction* of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action.' " (Emphasis sic.) *Id.* at ¶ 22, quoting *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 179, 298 N.E.2d 515 (1973). We further held that standing could not be established by "post-filing events," i.e., a party cannot correct a lack of standing by coming into possession of the necessary documents after the complaint has been filed. *Id*. at ¶ 26, 28.

**{¶ 30}** But *Schwartzwald* did not define what documents are necessary to establish standing. We stated, based on those facts, "[B]ecause [the bank] failed to establish an interest in the note or mortgage at the time it filed suit, it had no standing to invoke the jurisdiction of the common pleas court." *Id*. at ¶ 28.

**{¶ 31}** Parties and courts have seized upon that "failed to establish an interest in the note or mortgage" statement in *Schwartzwald* as establishing that a plaintiff in a foreclosure action must have an interest in *either* the note *or* the mortgage at the time of filing in order to establish standing. However, the "or" statement in *Schwartzwald* was a description of the particular facts in that case rather than a statement about the requisites of standing. The only issue before the court in that case was "whether a lack of standing at the commencement of a foreclosure action filed in a common pleas court may be cured by obtaining an assignment of a note and mortgage sufficient to establish standing prior to the entry of judgment." *Id.* at ¶ 19. The bank had conceded that "there [was] no evidence that it had suffered any injury at the time it commenced [the] foreclosure action," *id*. at ¶ 28; the bank had neither the note nor the mortgage at the time of filing, so this court never considered whether possession of only one of the two documents would be sufficient to confer standing on the bank.

**{¶ 32}** What *Schwartzwald* made clear was that the fundamental requirement of standing is that the party bringing the action must have a personal stake in the outcome of the controversy, i.e., that it must be the injured party. *Id.* at ¶ 21.

**{¶ 33}** In its complaint, Deutsche Bank acknowledged that the bankruptcy court had relieved Glenn Holden's obligation on the note, and it stated that it was not seeking a personal judgment on the note but was only seeking to enforce its security interest against the property. It attached to the complaint a valid assignment of the mortgage and a note that referenced that mortgage and thus "alleged such a personal stake in the outcome of the controversy that [it is] entitled to have a court hear [its] case," *ProgressOhio.org, Inc. v. JobsOhio*, 139 Ohio St.3d 520, 2014-Ohio-2382, 13 N.E.3d 1101, ¶ 7. This pleading precluded a dismissal for lack of standing. To achieve *judgment* on its foreclosure claim, Deutsche Bank needed to prove that it was the party entitled to enforce the note.

Summary Judgment Proceeding

**{¶ 34}** For purposes of summary judgment, the bank established that it had received an assignment of the Holdens' mortgage, that its mortgage interest survived the bankruptcy, and that the Holdens had defaulted. Thus, the bank met its Civ.R. 56 burden of proof to demonstrate its right to foreclose on the property and evidenced the amount of the default from the deficiency on the note, and therefore, the burden of going forward with evidence shifted to the Holdens, who had the " 'reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial.' " *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), quoting *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996) (plurality opinion). The Holdens' assertion that transfer of a note requires physical delivery of the instrument is correct, *see* R.C. 1303.22, but of no avail in this case because the bank had the note in its possession before it filed the complaint. The Holdens failed to present any evidence to show that a genuine issue of material fact existed regarding any of the elements of the bank's foreclosure action, and the trial court therefore properly found that Deutsche Bank had standing to foreclose on the property.

**Conclusion**

**{¶ 35}** An action at law on a promissory note to collect a mortgage debt is separate and distinct from an action in equity to enforce the mortgage lien on the property. The person entitled to enforce the note pursuant to R.C. 1303.31 has standing to seek a personal judgment against the promisor on that obligation, while the mortgagee or its successor and assign has standing to foreclose on the mortgage. Thus, when debt on a promissory note secured by a mortgage has been discharged by a bankruptcy court, the holder of the note may not pursue collection against the maker of the note; however, the holder of the mortgage has standing to foreclose on the property and to collect the deficiency on the note from the foreclosure sale of the property.

**{¶ 36}** Accordingly, we reverse the judgment of the appellate court and reinstate the judgment of the trial court.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

FRENCH, J., concurs in judgment only.

_____

Thompson Hine, L.L.P., Terry W. Posey Jr., Richard A. Freshwater, and Stephen D. Williger, for appellant.

The Dann Law Firm, Marc E. Dann, and Grace M. Doberdruk, for appellees.

_____