[Cite as *Search Mgt., L.L.C. v. Fillinger*, 2020-Ohio-3036.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

SEARCH MANAGEMENT L.L.C., :

    Plaintiff-Appellant, :

                                         No. 108901

v. :

JUDY FILLINGER, :

    Defendant-Appellee. :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 21, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-902138

---

### *Appearances:*

John Wood, *for appellant.*

LARRY A. JONES, SR., J.:

**{¶ 1}** Plaintiff-appellant, Search Management L.L.C. ("Search Management"), appeals the trial court's decision granting default judgment on its complaint for ejectment. Finding no merit to the appeal, we affirm.

**{¶ 2}** In 2017, defendant-appellee, Judy Fillinger ("Fillinger"), signed a ten-year note in favor of Search Management for $95,000 and executed a mortgage on

a property located on Victory Road in South Euclid, Ohio. The note required interest payments of $475 per month. Fillinger did not make the payments.

{¶ 3} In 2018, Search Management filed a complaint for ejectment. Fillinger did not answer or otherwise respond and Search Management moved for default judgment.

{¶ 4} In 2019, the trial court granted Search Management's motion, finding, in part:

Fillinger is in default under the terms and conditions of the note and * * * owes to Search Management, LLC the sum of $104,975 as of October 1, 2018.

The conditions in the mortgage deed have been broken by reason of non-payment * * * As a consequence, plaintiff is entitled to an ejectment of the defendant * * * .

Search Management is entitled to take possession of the mortgaged property, receive income from it, and apply the proceeds to the debt, restoring the property to Fillinger when the debt is satisfied. * * * If plaintiff does not receive rental income from the property, then it should apply the fair market value from its possession and use of the property to the underlying debt.

* * *

A writ of possession is granted in favor of Search Management.

(Citations omitted.) Order Granting Plaintiff's Motion for Default Judgment (Aug. 5, 2019).

{¶ 5} It is from this order that Search Management now appeals, raising the following assignment of error for our review:

I. It was error for the [court's] Order to forbid Plaintiff Search Management from recording its absolute ownership of the premises

after the court found there was a default in the condition of the mortgage deed, error not to extinguish Defendant Fillinger's equity of redemption, error to order Plaintiff to apply all the rents and profits to payment of Fillinger's debt to Search Management, and error to order that the premises be returned to Fillinger upon payment of the defaulted debt.

**{¶ 6}** In its sole assignment of error, Search Management contends that the trial court erred when it issued a writ of possession to the company rather than granting the company absolute ownership over the Victory Road property.

**{¶ 7}** Search Management contends that because it gained possession of the property through a writ of ejection, its title to the premises is absolute and it has no duty to account for rents and profits or to return the premises to Fillinger if she satisfies the debt. We disagree.

**{¶ 8}** The Ohio Supreme Court has long recognized that upon a mortgagor's default, the mortgagee may elect among separate and independent remedies to collect the debt secured by the mortgage. *Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, ¶ 21, citing *Carr v. Home Owners Loan Corp.*, 148 Ohio St. 533, 76 N.E.2d 389 (1947). A "mortgagee may seek a personal judgment against the mortgagor to recover the amount due on the promissory note, without resort to the mortgaged property." *Holden* at ¶ 22, citing *State ex rel. Squire v. Pejsa*, 148 Ohio St. 1, 72 N.E.2d 374 (1947). The mortgagee may also

> bring an action to enforce the mortgage, which "is for the exclusive benefit of the mortgagee and those claiming under him [or her]." A mortgage conveys a conditional property interest to the mortgagee as security for a debt * * * and upon default, legal title to the mortgaged

property passes to the mortgagee as between the mortgagor and mortgagee. Because of this superior title, the mortgagee may bring an action in ejectment to take possession of the mortgaged property, receive the income from it, and apply the proceeds to the debt, restoring the property to the mortgagor when the debt is satisfied.

(Citations omitted.) *Holden* at ¶ 23, quoting *Phelps' Lessee v. Butler*, 2 OHIO 224, 226 (1826).

{¶ 9} Third, "the mortgagee may bring a foreclosure action to cut off the mortgagor's right of redemption, determine the existence and extent of the mortgage lien, and have the mortgaged property sold for its satisfaction." *Holden* at ¶ 24, citing *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396.

{¶ 10} Thus, upon a mortgagor's default, the mortgagee has three separate and independent remedies that it may pursue in an attempt to collect the debt secured by the mortgage: a personal judgment against the mortgagor to obtain the amount owing on the promissory note; an action in ejectment based on the mortgage; and an action in foreclosure based upon the mortgage. *United States Bank Natl. Assn. v. O'Malley*, 8th Dist. Cuyahoga No. 108191, 2019-Ohio-5340, ¶ 16, citing *Holden* at ¶ 22-24.

{¶ 11} In this case, mortgagee Search Management chose to file an action in ejectment. Search Management did not file a foreclosure action. Search Management submitted a proposed judgment entry to the trial court that would have foreclosed on mortgagor Fillinger's equity of redemption and allowed the company to "record its full interest in the property with the County Recorder." But

the trial court did not use Search Management's proposed entry, rather, it drafted its own entry and noted that the remedy of ejectment does not cut off the right to redemption. By operation, ejectment "'does not cut off the right of redemption, and the mortgagor has time to redeem by action, wherein the rights and equities of the parties, including the debt secured by the mortgage, the rents and profits, etc., may all be adjusted by a court of equity.'" *Wells Fargo Bank, N.A. v. Young*, 2d Dist. Darke No. 2009 CA 12, 2011-Ohio-122, ¶ 44, quoting *Levin v. Carney*, 161 Ohio St. 513, 520, 120 N.E.2d 92 (1954).

{¶ 12} Therefore, the trial court did not err when it issued a writ of possession to Search Management rather than granting the company absolute ownership over the property.

{¶ 13} The sole assignment of error is overruled.

{¶ 14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., JUDGE

EILEEN T. GALLAGHER, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR