[Cite as *Babylon Capital, L.L.C. v. Workman*, 2023-Ohio-4091.]

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# VAN WERT COUNTY

BABYLON CAPITAL, LLC,

      CASE NO. 15-23-04

    PLAINTIFF-APPELLEE,

    v.

PAUL WORKMAN, ET AL.,         O P I N I O N

    DEFENDANTS-APPELLANTS.

---

**Appeal from Van Wert County Common Pleas Court
Trial Court No. CV-22-05-042**

**Judgment Affirmed**

**Date of Decision:  November 13, 2023**

---

**APPEARANCES:**

    *Steven L. Diller* **for Appellants**

    *Eric T. Deighton* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendants-appellants, Paul Workman ("Workman") and Roginadon Wilkinson fka Roginadon M. Kirk ("Wilkinson"), appeal the January 19, 2023 judgment entry of the Van Wert County Court of Common Pleas granting an in rem order of foreclosure in favor of plaintiff-appellee, Babylon Capital, LLC ("Babylon Capital"). For the reasons that follow, we affirm.

{¶2} On November 20, 2002, Workman executed an adjustable-rate promissory note (the "note"), in the amount of $103,500.00 payable to EquiFirst Corporation as lender to purchase a home located at 123 South Wall Street, Van Wert, Ohio. That same day, Workman and Wilkinson executed a mortgage deed against the property as security for the debt in favor of EquiFirst Corporation.[1] The mortgage was filed on December 27, 2002, recorded in Volume 281 of the Official Records at Page 569, in the Van Wert County, Ohio Recorder's Office. On January 27, 2010, the mortgage and note were assigned to U.S. Bank N.A. ("U.S. Bank"), and then to Babylon Capital on June 10, 2020.

{¶3} Prior to assignment to Babylon Capital, Workman defaulted on the note in 2009. The previous holder of the mortgage and the note was granted foreclosure by the trial court in 2010 but that foreclosure case was dismissed *without* prejudice in 2011 after Workman filed Chapter 13 bankruptcy proceedings in federal court in

---

[1] Because the mortgage did not identify Workman and Wilkinson's marital status, the trial court "reformed" the mortgage "to reflect the status of the mortgagors * * * as married." (Doc. No. 49).

September 2010. Because Workman filed Chapter 13 bankruptcy proceedings, the bankruptcy court imposed a stay on the foreclosure proceedings until the bankruptcy case was dismissed on September 13, 2012. Importantly, no further attempts to collect on the past due note were made by U.S. Bank or Babylon Capital and Workman did not make any further payments on the note.

{¶4} On May 20, 2022, Babylon Capital filed a foreclosure complaint against Workman, Wilkinson, the City of Van Wert Housing Program, the State of Ohio Department of Job and Family Services Bureau of Unemployment Tax, and the State of Ohio Bureau of Worker's [sic] Compensation (collectively, "defendants").[2] In its complaint, the Babylon Capital requested a judgment in the amount of $98,455.25 plus interest on the outstanding principal balance at a rate of nine-and-one-half percent per annum from July 30, 2009, late charges and advances, and all costs and expenses incurred in the enforcement of the note and mortgage.

{¶5} After requesting an extension of time, Workman and Wilkinson filed their answer on July 19, 2022. That same day, Workman and Wilkinson filed a motion for summary judgment, arguing that they are entitled to judgment as a matter of law because Babylon Capital instituted its foreclosure complaint well outside the expiration of the statute of limitations applicable to such claims. That same day,

---

[2] The trial court resolved that the State of Ohio Department of Job and Family Services and the State of Ohio Bureau of Workers' Compensation "have no interest in said real property." (Doc. No. 49). Because the City of Van Wert Housing Program did not file an answer to the complaint, Babylon Capital filed a motion for default judgment on September 19, 2022, which the trial court granted on January 19, 2023.

Babylon Capital filed a motion for summary judgment, arguing that there is no genuine issue of material fact that Workman and Wilkinson defaulted on their obligations under the note and mortgage and that Babylon Capital is entitled to immediate payment of all of the unpaid principal and interest.

{¶6} On December 29, 2022, the trial court granted summary judgment in favor of Workman and Wilkinson—as to enforcement of the note—because Babylon Capital "conceded the period to enforce the note has expired and seeks only a [sic] In Rem foreclosure on the property." (Doc. No. 48). Consequently, the trail court concluded that "[t]his note accrued outside of the period of statute of limitation." (*Id.*). However, the trial court denied summary judgment in favor of Workman and Wilkinson—as to Babylon Capital's claim for foreclosure on the mortgage—after concluding that "the action for foreclosure is within the appropriate statute of limitation." (*Id.*). Thus, the trial court denied Babylon Capital's motion for summary judgment "for the debt on the note" but granted its motion for summary judgment "on the foreclosure" of the mortgage. (*Id.*).

{¶7} On January 19, 2023, the trial court issued an in rem order of foreclosure. (Doc. No. 49).

{¶8} Workman and Wilkinson filed their notice of appeal on February 8, 2023 and raise two assignments of error for our review, which we will discuss together.

**First Assignment of Error**

**The trial court erred in granting summary judgment to the Appellees and not granting summary judgment to the Appellants on the issue of whether enforcement of the Mortgage was barred by the statute of limitations.**

**Second Assignment of Error**

**The Trial Court erred by a determination that there was no genuine issue of material facts that the Appellee was entitled to judgment In Rem in the amount of the principal balance of $98,455.25 plus interest at 9.5% per annum.**

{¶9} In their assignments of error, Workman and Wilkinson argue that the trial court erred by denying their motion for summary judgment as to Babylon Capital's claim for foreclosure on the mortgage and by granting summary judgment in favor of Babylon Capital. In particular, in their first assignment of error, Workman and Wilkinson argue that Babylon Capital's claim for foreclosure on the mortgage was not timely. Further, Workman and Wilkinson contend in their second assignment of error that genuine issues of material fact remain as the amount owed to Babylon Capital.

*Standard of Review*

{¶10} We review a decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). "De novo review is independent and without deference to the trial court's determination." *ISHA, Inc. v. Risser*, 3d Dist. Allen No. 1-12-47, 2013-Ohio-2149, ¶ 25, citing *Costner Consulting Co. v. U.S. Bancorp*, 195 Ohio App.3d 477, 2011-Ohio-3822, ¶ 10 (10th Dist.). Summary

judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219 (1994).

**{¶11}** "The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact." *Carnes v. Siferd*, 3d Dist. Allen No. 1-10-88, 2011-Ohio-4467, ¶ 13, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). "In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument." *Id.*, citing *Dresher* at 292. "The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings." *Id.*, citing *Dresher* at 292 and Civ.R. 56(E).

*Analysis*

**{¶12}** In this case, the trial court granted summary judgment in favor of Workman and Wilkinson—as to enforcement of the note—after Babylon Capital "*conceded* the period to enforce the note * * * expired and" notified the trial court that it was proceeding with "only a[n] In Rem foreclosure on the property * * * ." (Emphasis added.) (Doc. No. 48).

{¶13} However, the trial court denied summary judgment in favor of Workman and Wilkinson after concluding that Babylon Capital's claim for foreclosure on the mortgage "was filed within the appropriate statute of limitation." (*Id.*). Importantly, the trial court concluded that "[t]he statute of limitation to initiate a foreclosure action is twenty-one years and can be found at R.C. 2305.04." (*Id.*). Specifically, the trial court analyzed that "'the fact that the obligation to pay the note is no longer enforceable, [Babylon Capital should be] entitled to maintain an action in foreclosure to secure its interest as the mortgagee—upon default, "legal title to the mortgaged property passes to the mortgagee as between the mortgagor and mortgagee."'" (*Id.*, quoting *U.S. Bank Natl. Assn. v. Robinson*, 8th Dist. Cuyahoga No. 105067, 2017-Ohio-5585, ¶ 8, quoting *Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, ¶ 23). In sum, the trial court reasoned that "'the foreclosure action in this case is not in the nature of enforcing an obligation to pay the note but, instead, is better characterized as one meant to secure [Babylon Capital's] interest in the property based on the defaulted note.'" (*Id.*, quoting *Robinson* at ¶ 8).

{¶14} Consequently, following its decision denying Workman and Wilkinson's motion for summary judgment as to Babylon Capital's claim for foreclosure on the mortgage and granting summary judgment in favor of Babylon Capital, the trial court issued an in rem order of foreclosure. The trial court concluded "that there is due [to Babylon Capital] on the promissory note set forth

in the First Count of the Complaint, the principal balance of $98,455.25 plus interest at 9.5% per annum from July 30, 2009, for which sum, judgment is [granted] in favor of [Babylon Capital] IN REM." (Emphasis sic.) (Doc. No. 49).

{¶15} In their first assignment of error, Workman and Wilkinson argue that the trial court erred by denying their motion for summary judgment as to Babylon Capital's claim for foreclosure on the mortgage and by granting summary judgment in favor of Babylon Capital since Babylon Capital's claim for foreclosure on the mortgage was not timely. Specifically, Workman and Wilkinson urge this court to determine that the statute of limitations applicable to the enforcement of a note (or negotiable instrument) is also applicable to a claim for foreclosure of a mortgage since "when a promissory note is secured by mortgage, the note, not the mortgage represents the debt." (Appellant's Brief at 9). Babylon Capital opposes Workman and Wilkinson's argument and advocates that this court follow the "Ohio Courts [that] have frequently held that even when a foreclosing plaintiff is barred from obtaining a personal judgment on the note due to the running of R.C. 1303.16(A)'s six year statute of limitations it may still pursue its foreclosure action on the mortgage until the expiration of [R.C.] 2305.04's [21-year] statute of limitations." (Appellee's Brief at 18). We agree with Babylon Capital's argument.

{¶16} Indeed, "[d]ifferences exist between a cause of action pursued on a promissory note in comparison to a cause of action for foreclosure on a mortgage. To recover on the note, the mortgagee files an action for personal judgment on the

note that was secured by the mortgage." *U.S. Bank Natl. Assn. v. O'Malley*, 8th Dist. Cuyahoga No. 108191, 2019-Ohio-5340, ¶ 19. "In contrast, a foreclosure proceeding is an in rem, equitable action based upon the mortgage whereby the mortgagee attempts to secure its interest in the property." *Id. See also Robinson* at ¶ 7 ("An action to foreclose a mortgage is not an action for personal judgment on the note secured by such mortgage."). Importantly, the Supreme Court of Ohio has concluded that "the distinctions between an action on the note versus an action on the mortgage support [the] position that the bar of an action on a promissory note secured by a mortgage does not necessarily bar an action on the mortgage." *O'Malley* at ¶ 19, citing *Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, at ¶ 25. *See also Bank of New York Mellon v. Walker*, 8th Dist. Cuyahoga No. 104430, 2017-Ohio-535, ¶ 23 (applying *Holden* to a non-bankruptcy proceeding).

{¶17} We choose to follow our sister courts of appeal and conclude that, "[i]f a mortgagee is unable to enforce a promissory note due to the running of the statute of limitations, the mortgagee still has the right to enforce an action on the mortgage under the longer statute of limitations period set forth in R.C. 2305.04." *Rutana v. Koulianos*, 7th Dist. Mahoning No. 19 MA 0087, 2020-Ohio-6848, ¶ 42. *See also O'Malley* at ¶ 22; *Robinson* at ¶ 7 (reasoning that "[h]ad the drafters intended for the six-year statute of limitations to apply to the equitable action on the mortgage, which has been traditionally regarded as a separate and distinct cause of action, the prohibition in division (A) would not have been limited to enforcing the legal

-9-

obligation to pay a note"). Therefore, we conclude that the statute of limitations of 21 years set forth in R.C. 2305.04 applies to Babylon Capital's claim for foreclosure on the mortgage in this instance.

{¶18} Since there is no dispute that Babylon Capital's claim for foreclosure on the mortgage at issue here was brought within 21 years after the cause of action accrued, Babylon Capital's claim for foreclosure on the mortgage was timely. Therefore, the trial court did not err by denying Workman and Wilkinson's motion for summary judgment as to Babylon Capital's claim for foreclosure on the mortgage and by granting summary judgment in favor of Babylon Capital. As a result, Workman and Wilkinson's first assignment of error is overruled.

{¶19} Nevertheless, Workman and Wilkinson argue in their second assignment of error that the trial court erred by determining the amount owed to Babylon Capital. Here, the parties contend that the standard of review is that which we apply to a motion for summary judgment. It is not. This issue was not litigated at the summary-judgment stage; rather, the trial court made its calculation in its in rem order of foreclosure.

{¶20} "Foreclosure actions proceed in two stages, both of which end in a final, appealable judgment: the order of foreclosure and the confirmation of sale." *Farmers State Bank v. Sponaugle*, 157 Ohio St.3d 151, 2019-Ohio-2518, ¶ 18. "The order of foreclosure determines the extent of each lienholder's interest, sets out the priority of the liens, determines the other rights and responsibilities of each party,

and orders the property to be sold by sheriff's sale." *Id.* "On appeal, parties may challenge the court's decision to grant the decree of foreclosure." *Id.* "Once the foreclosure decree is final and upon completion of the appeals process, the rights and responsibilities of the parties under the foreclosure decree may no longer be challenged." *Id.*

**{¶21}** "The confirmation of sale is an ancillary proceeding limited to whether the sheriff's sale conformed to law." *Id.* at ¶ 19. "If the trial court, after examining the proceedings, finds that the sale conformed with R.C. 2329.01 through 2329.61, inclusive, then the court enters an order confirming the sale and orders the dispersal of the proceeds." *Id.* "An appeal of the confirmation of sale is limited to challenging the confirmation order itself and to issues related to confirmation proceedings—for example, computation of the final total amount owed by the mortgagor, accrued interest, and amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance." *Id.*

**{¶22}** A "trial court's decision to confirm a sheriff's sale of property will not be reversed absent an abuse of discretion." *Id.* An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶23}** In their second assignment of error, Workman and Wilkinson challenge the amount of which the trial court determined is owed to Babylon Capital. However, because Workman and Wilkinson are challenging the final

amount payable to Babylon Capital, that issue must be challenged following the confirmation of sale. *Accord HSBC Bank USA v. Brinson*, 9th Dist. Summit No. 30250, 2023-Ohio-1462, ¶ 40 (concluding that, since "the sole remaining issue is the final amount payable, [that] can be calculated and challenged during the confirmation of sale"). The confirmation-of-sale proceeding has not yet occurred in this case.

**{¶24}** Since the confirmation-of-sale proceeding has not yet occurred, Workman and Wilkinson's argument is not yet ripe for our review. *Accord PHH Mtge. Corp. v. Barker*, 3d Dist. Van Wert No. 15-19-01, 2019-Ohio-5301, ¶ 41. Indeed, "'[i]n order to be justiciable, a controversy must be ripe for review.'" *U.S. Bank, N.A. v. 2900 Presidential Drive, L.L.C.*, 2d Dist. Greene No. 2013 CA 60, 2014-Ohio-1121, ¶ 32, quoting *Keller v. Columbus*, 100 Ohio St.3d 192, 2003-Ohio-5599, ¶ 26. An argument is not ripe for our review when it rests on contingent future events that may not occur as anticipated or that may never occur at all. *Barker* at ¶ 41.

**{¶25}** In other words, because Workman and Wilkinson are not challenging an issue involving the rights and responsibilities of the parties, their ministerial, mathematical argument is not properly before this court. *See Sponaugle*, 157 Ohio St.3d 151, 2019-Ohio-2518, at ¶ 32. Critically, "[o]n a practical level, no foreclosure decree would ever be final if the court was required to compute taxes

and future costs as a prerequisite for finality." *Brinson* at ¶ 39. As a result, we decline to address Workman and Wilkinson's second assignment of error.

**{¶26}** Having found no error prejudicial to the appellants herein in the particulars assigned and argued in their first assignment of error, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER, P.J. and WILLAMOWSKI, J., concur.**

**/hls**