[Cite as *Slodov v. Mentor*, 2019-Ohio-1052.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| LEONARD H. SLODOV, et al., | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2018-L-080** |
| CITY OF MENTOR, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2018 CV 000422.

Judgment: Affirmed.

*Michael D. Slodov,* Javitch Block LLC, 1100 Superior Avenue, 19th Floor, Cleveland, OH 44114 (For Plaintiff-Appellant).

*John T. Pion* and *Andrew D. Webster,* Pion Nerone Girman Winslow & Smith, PC, 1500 One Gateway Center, 420 Fort Duquesre Boulevard, Pittsburgh, PA 15222 (For Defendants-Appellees, Boldt Capital, LLC; Lake County Port and E.D. Authority; and Lake Mentor Properties, LLC).

*Carl E. Cormany* and *Frank H. Scialdone,* Mazanec, Raskin & Ryder Co., L.P.A., 100 Franklin's Row, 34305 Solon Road, Cleveland, OH 44139 (For Defendant-Appellee, City of Mentor).

CYNTHIA WESTCOTT RICE, J.

{¶1}    Appellant, Leonard H. Slodov, appeals from the judgment of the Lake County Court of Common Pleas, dismissing his complaint for declaratory judgment with prejudice for lack of standing. Appellant does not dispute the trial court's judgment that

he lacked standing to maintain the underlying action; rather, he maintains the trial court erred in dismissing the same with prejudice. We affirm.

{¶2} Appellant originally filed his complaint pro se on behalf of himself and KDL Real Estate, LLC, a company of which he is the owner and sole member, naming the city of Mentor, Lake Mentor Properties, LLC, and Lake County Port and Economic Authority as defendants. After realizing he could not maintain the action on behalf of KDL without hiring counsel, he dismissed the company and filed an amended complaint. The amended complaint dismissed KDL and added Lake Hospital Systems, Inc. and Boldt Capital as defendants. As a matter of background, KDL owned property on Tyler Blvd. in Mentor that it had leased to Lake Hospital, and in January 2017, Lake Hospital did not renew its lease.

{¶3} The amended complaint alleged appellant was a concerned citizen, Mentor taxpayer, and, as the owner of a KDL, a commercial lessor with Lake Hospital, and, as such, he had a personal interest in the issues raised in the complaint. Appellant asserted the real property on Tyler Blvd. was adversely affected by a municipal ordinance which re-zoned property on Market Street in Mentor; he claimed that even though the Tyler property was owned by KDL, he was the sole member of the company and his income was diminished when Lake Health relocated to property on Market Street after it was re-zoned.

{¶4} The ordinance described the property to be re-zoned then provided the Market Street property be re-zoned to general business as approved by the Municipal Planning Commission. And, according to appellant, the ordinance was subject to certain conditions; one of which is that it could be modified or supplemented by a

2

Development Agreement ("DA"), entered into between the city of Mentor and various other named defendants. The DA described the ultimate development of the Market Street property and set forth various prohibited uses, one of which was a hospital.

{¶5} As a result of the foregoing, appellant sought a declaration that, inter alia, (1) the Market Street property could not be used as a hospital open to the general public, as this use violated the ordinance and the DA; (2) the Market Street property was in fact being used as a hospital/urgent care business; (3) the current use of the Market Street property was a prohibited use; (4) the lease for the Market Street property was invalid and unlawful; (4) the ballot language for the re-zoning measure was deceptive and failed to inform the public that it created a conflict of interest and allowed for unfair economic advantage sanctioning the relocation of Lake Health to residential land; (5) the defendants engaged in official misconduct amounting to a felony in violation of R.C. 2901.13; and (6) the court refer the issues raised to the Lake County prosecutor for investigation.

{¶6} Appellees filed motions to dismiss alleging, inter alia, appellant lacked standing. The trial court agreed and dismissed the complaint. In its judgment entry, the trial court determined that, to the extent appellant's claims of damage were based upon KDL's diminished income, he failed to establish direct injury. The trial court further determined that, to the extent appellant's claims were brought as a taxpayer or a concerned citizen for a violation of the DA, he lacked standing because he was not a party to the agreement. The court additionally determined appellant's claims for official misconduct failed because R.C. 2901.13, a statutory section creating a tolling period for the prosecution of an offense involving misconduct in office, does not define a criminal

3

offense. Moreover, the court concluded the statute does not create a private right of action. As such, the court concluded appellant failed to state a claim upon which relief could be granted. Appellant now appeals and assigns the following as error:

{¶7} "The trial court committed prejudicial error in reaching the merits and dismissing the complaint with prejudice after finding that appellant lacked standing to maintain the action."

{¶8} Appellant does not contest he lacked standing; instead, he claims the trial court erred when it analyzed the merits of his misconduct claims in light of its standing determination. He further maintains the trial court erred in dismissing the complaint with prejudice because the conclusion that a party lacks standing is not a decision on the merits.

{¶9} With respect to appellant's first contention, the trial court did not find appellant lacked standing to bring the official misconduct claim. Rather, the judgment entry simply indicates that the statute upon which appellant relied to assert his official misconduct claim does not create a private civil cause of action. A review of the statute, which defines limitations on criminal prosecutions, supports the trial court's judgment. A statute of limitation setting forth a period for which a prosecution for "an offense involving misconduct in office by a public servant," *see* R.C. 2901.13(C), is not a vehicle for a civil suit which generally alleges official misconduct. Appellant therefore failed to state a claim upon which relief could be granted on this issue.

{¶10} Next, we recognize that, in general, the dismissal of an action because a party lacks standing is not a dismissal on the merits. *State ex rel. Coles v. Granville*, 116 Ohio St.3d 231, 2007-Ohio-6057, ¶51. This general rule is to avoid the application

4

of the doctrine of res judicata in a subsequent suit where a standing defect is cured. *Id.* citing *A–1 Nursing Care of Cleveland, Inc. v. Florence Nightingale Nursing, Inc.*, 97 Ohio App.3d 623, 627 (8th Dist.1994) (dismissal for lack of standing "terminates the action other than on the merits and affords proper parties the opportunity to refile without fear of the effects of res judicata"); *Asher v. Cincinnati*, 1st Dist. Hamilton No. C–990345, 2000 WL 955617 (Dec. 23, 1999) (dismissal for lack of standing is not on the merits for purposes of res judicata).

{¶11} In this case, appellant was not a party to the DA and was not a third-party beneficiary to the same. Moreover, any alleged wrongful action by third parties to a corporation creates a potential cause of action for the corporation, not its shareholders. *Adair v. Wozniak*, 23 Ohio St.3d 174, 178 (1986). Appellant cannot, therefore, assert the potential rights of KDL, the owner of the Tyler property, because his alleged injury is indirect and duplicative of KDL's alleged damages. *See Id.* Unless appellant is alleging that, at some point, he will not be himself, a position he cannot seriously maintain, the claims based upon alleged violations of the DA or purported injuries suffered by KDL cannot be re-filed. In short, appellant will invariably lack standing to assert the foregoing claims and therefore the specter of a res judicata bar will never realistically loom. We therefore conclude the trial court did not err in dismissing appellant's claims for declaratory judgment vis-à-vis his concerns surrounding the DA or his allegations premised upon alleged damages suffered by KDL with prejudice.

{¶12} Alternatively, if appellant is concerned about the potential preclusive effect the lower court's judgment might have on a future suit KDL might file, such concerns are hypothetical and would require an improper advisory opinion. Assuming, arguendo,

KDL files a similar action, the defendants raise the affirmative defense of res judicata based upon the underlying judgment, and the trial court concludes KDL is barred from litigating the issues by operation of res judicata. At that point, the issue of the propriety of applying the doctrine will be properly before us. Currently, however, the foregoing scenario is mere possibility and this court, in this matter, must refrain from engaging in exploratory analysis based upon hypotheticals.

{¶13} Appellant's assignment of error lacks merit.

{¶14} For the above reasons, the judgment of the Lake County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.