[Cite as *U.S. Bank Natl. Assn. v. Robinson*, 2020-Ohio-32.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

U.S. BANK NATIONAL ASSOCIATION, :

    Plaintiff-Appellee, :

                                No. 108526

    v. :

TERRENCE ROBINSON, ET AL., :

    Defendants-Appellants. :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 9, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-15-841611

---

### *Appearances:*

McGlinchey Stafford, and James W. Sandy, *for appellee.*

John Wood, *for appellants.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendants-appellants, Terrence and Kelene Robinson (collectively "the Robinsons") appeal the trial court's decision granting a decree of foreclosure in favor of U.S. Bank National Association, as Trustee for the Holders of the Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed

Certificates, Series 2007-BCI ("U.S. Bank"). For the reasons that follow, we affirm the trial court's decision.

{¶ 2} In 2006, Terrence Robinson ("Terrence") executed a note in the amount of $368,000 in favor of FMF Capital, L.L.C. ("FMF Capital") to secure funds used to purchase property located on Tinkers Valley Drive in Glenwillow, Ohio. The Note contains an allonge with an endorsement in blank from FMF Capital.

{¶ 3} In order to secure payment on the note, the Robinsons jointly executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as mortgagee and nominee for FMF Capital, and its successors and assigns. The mortgage was recorded on October 4, 2006. On July 24, 2007, MERS, as nominee for FMF Capital, its successors and assigns, assigned the mortgage to U.S. Bank, National Association as Trustee for the MLMI SURF Trust Series, 2007-BC1 ("original assignment"). On May 23, 2014, a corrective assignment was executed by MERS as nominee for FMF Capital, its successors and assigns, to U.S. Bank ("corrective assignment"). The corrective assignment provides that it was "being recorded to clarify the full name of the assignee" on the original assignment.

{¶ 4} In 2015, U.S. Bank initiated a foreclosure action against the Robinsons alleging that Terrence had defaulted under the terms of the note and failed to make monthly mortgage payments. Due to the default, U.S. Bank alleged that it was entitled to foreclose on its mortgage interest. Because Terrence's obligation on the note was discharged through a 2008 bankruptcy, U.S. Bank did not seek a personal monetary judgment against Terrence. Nevertheless, the trial

court granted summary judgment in favor of the Robinsons finding that any action on the note, including foreclosure on the mortgage, was time-barred.

**{¶ 5}** U.S. Bank appealed this decision contending that enforcing the debt obligation under the note and foreclosing on the property are separate and distinct causes of action. *U.S. Bank v. Robinson*, 8th Dist. Cuyahoga No. 105067, 2019-Ohio-5585 ("*Robinson I*"). This court agreed, concluding that U.S. Bank can maintain an action in equity to enforce its mortgage lien on the Robinsons' real property for the unsatisfied debt. *Id.* at ¶ 13. "U.S. Bank is entitled to maintain an action in foreclosure to secure its interest as the mortgagee — upon default, 'legal title to the mortgaged property passes to the mortgagee as between the mortgagor and mortgagee.'" *Id.* at ¶ 8, quoting *Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, ¶ 23. Additionally, this court stated that whether the Note was discharged in bankruptcy or barred by the relevant statute-of-limitations period to pursue a judgment on the note had no effect on whether U.S. Bank could foreclose on the mortgage. *Robinson I* at ¶ 8, 11. Accordingly, this court reversed the trial court's decision and remanded the matter for further proceedings.

**{¶ 6}** On remand, a magistrate conducted a bench trial on U.S. Bank's foreclosure action and subsequently issued a decision in favor of U.S. Bank's claim. The Robinsons filed timely objections. The trial court denied the objections, adopted the magistrate's decision, and entered judgment in favor of U.S. Bank on its

mortgage interest and ordering a decree of foreclosure. The proceedings were stayed pending appeal.

{¶ 7} The Robinsons now appeal contending in their sole assignment of error that "the trial court erred in finding that [the Robinsons were] liable for a default on the [m]ortgage."

## I. Standard of Review

{¶ 8} In reviewing a civil appeal from a bench trial, this court applies a "manifest weight standard of review." *Benton Village Condominium Owners Assn. v. Bridge*, 8th Dist. Cuyahoga No. 106892, 2018-Ohio-4896, ¶ 13. A reviewing court "will not reverse the judgment as being against the manifest weight of the evidence if some competent, credible evidence supports all the essential elements of the case." *Huntington Natl. Bank v. Miller*, 10th Dist. Franklin No. 14AP-586, 2016-Ohio-5860, ¶ 13, citing *C.E. Morris v. Foley Constr. Co.*, 54 Ohio St.2d 279, 280, 376 N.E.2d 578 (1978). Further, "[i]n determining whether a civil judgment is against the manifest weight of the evidence, an appellate court is guided by a presumption that the findings of the trial court are correct." *Id.*, citing *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

## II. Law of the Case

{¶ 9} In *Robinson I*, this court held that although Terrence's personal obligation under the note was discharged through a bankruptcy proceeding, U.S. Bank could maintain an action to enforce its mortgage lien on the property for the unsatisfied debt. *Robinson I*, 8th Dist. Cuyahoga No. 105067, 2017-Ohio-5585, ¶ 13.

This court also specifically concluded that any statute of limitations prohibiting enforcement of the note had no application on enforcing the mortgage lien on the property. *Id.* at ¶ 11. Accordingly, the law of the case is that U.S. Bank may pursue its foreclosure action against the Robinsons. Any argument raised in this appeal by the Robinsons on this issue is barred by res judicata. The only issue that is left to be decided is whether the trial court's decision granting U.S. Bank a decree of foreclosure on the Robinsons property is against the manifest weight of the evidence.

## III. Foreclosure

{¶ 10} In a foreclosure action, the plaintiff is required to prove at trial (1) that it was either the holder of the note and mortgage or a party entitled to enforce those instruments; (2) the chain of assignments and transfers; (3) that the mortgagor was in default under the terms of the loan; (4) that all conditions had been met; and (5) the amount due. *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 62.

### A. Consideration of the Note

{¶ 11} The crux of this appeal centers around the idea that because Terrence's obligation under the note has been discharged and no judgment can be rendered on the note, "it would seem that no claim upon the Mortgage remains," unless "the mortgage sets forth independent grounds for a money judgment." (Appellants' Brief, p. 12). Essentially, the Robinsons contend that U.S. Bank cannot

use a default on the note as grounds to foreclose on the mortgage. Their argument is without merit.

{¶ 12} As previously addressed, the law of the case is that U.S. Bank can maintain an action in equity to enforce its mortgage lien on the property despite Terrence's obligation under the note being discharged in bankruptcy. *Robinson I.*

{¶ 13} Moreover, the Ohio Supreme Court held, when considering facts virtually identical to those in this case, that an action on a note and an action on a mortgage are separate and distinct remedies a lender can pursue as a result of a borrower's default. *Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, at paragraph one of the syllabus. Because these actions are separate and distinct, even if one instrument is unenforceable, the lender can still pursue a judgment on the other. *Id.* at ¶ 25. In fact,

> [w]hen debt on a promissory note secured by a mortgage has been discharged by a bankruptcy court, the holder of the note may not pursue collection against the maker of the note; however, the holder of the mortgage has standing to foreclose on the property and to collect the deficiency on the note from the foreclosure sale of the property.

*Id.* at paragraph two of the syllabus.

{¶ 14} Accordingly, and contrary to the Robinsons' second issue raised on appeal, Terrence's bankruptcy discharge of the note obligation did not extinguish the Robinsons' obligation on the mortgage lien that U.S. Bank held on the secured property. Even when an action on the note is barred, in order to foreclose on the mortgage, the lender must still establish it was the entity entitled to enforce the note secured by the mortgage, a default, and the amount due on the note. *Holden* at ¶ 26,

28. And generally, the promissory note is the primary evidence of the debt and the borrower's history of payments is evidence of the amount due. *Holden* at *id*. Accordingly, while no personal judgment may be entered against the maker of the note, the note is still relevant to determine the amount due to the holder of the mortgage. *Holden* at ¶ 35.

## B. Privity

{¶ 15} The Robinsons also assert that U.S. Bank was not a party to enforce the note or mortgage. Specifically, the Robinsons contend that U.S. Bank was required to establish contractual privity with the original lender and provide proof of a chain of title in order to establish that it had an interest in the note and to foreclose on the mortgage. This exact argument was raised and rejected in *Bank of Am. v. Rogers*, 8th Dist. Cuyahoga No. 107464, 2019-Ohio-1443. In *Rogers*, this court stated:

> Ohio courts have held that "by virtue of its possession of the note endorsed in blank," a bank "was the holder of the note and entitled to enforce the note under Ohio law." *Najar* at [8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 62]. Here, [the bank] was the holder of the note, and the note was endorsed in blank, thereby empowering it to enforce the note.

*Rogers* at ¶ 17, citing R.C. 1303.25 and *Nationstar Mtge. LLC v. Payne*, 2017-Ohio-513, 85 N.E.3d 249, ¶ 1 (10th Dist.).

{¶ 16} Nevertheless, the Robinsons contend that this decision is in conflict with our decision in *Everbank v. Katz*, 8th Dist. Cuyahoga No. 100603, 2014-Ohio-4080. We disagree, finding that *Katz* is easily distinguishable because the note in

*Katz* was not endorsed in blank, which required the bank to prove chain of title to show it validly obtained the note.

{¶ 17} In this case, U.S. Bank produced at trial the original note, endorsed in blank, meaning that anyone who possessed it was a "holder" of the note. And being in possession of a note endorsed in blank, U.S. Bank was automatically an entity entitled to enforce the note. *See* R.C. 1303.25(B). Accordingly, U.S. Bank was not required to establish contractual privity with the original lender in order to enforce the note and foreclose on the mortgage.

### C. The Assignments

{¶ 18} The final issue the Robinsons raised on appeal involves whether U.S. Bank presented admissible evidence that it is a valid assignee of the mortgage. Specifically, they contend that the trial court should not have permitted evidence of the assignments due to a discovery violation, and that the assignments that were presented were invalid.

{¶ 19} First, "[i]t is settled in this appellate district that a mortgagor lacks standing to challenge the assignment of his mortgage directly if the mortgagor is neither a party to, nor a third-party beneficiary of, the assignment contract." *Bank of New York Mellon v. Froimson*, 8th Dist. Cuyahoga No. 99443, 2013-Ohio-5574, ¶ 17, citing *Bank of New York Mellon Trust Co. v. Unger*, 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950, ¶ 35. This is because "the assignment does not alter the borrower's obligations under the note or mortgage." *Deutsche Bank Trust Co. of Ams. v. Jones*, 8th Dist. Cuyahoga No. 105778, 2018-Ohio-587, ¶ 30.

{¶ 20} In this case, the Robinsons are not parties to or third-party beneficiaries of the assignment and the assignment does not alter any of the Robinsons' obligations. Much like in *Jones*, "the default exposed [them] to the foreclosure action regardless of the identity of the plaintiff who may prosecute such action." *Jones* at ¶ 31. The Robinsons attempt to create standing by alleging that the assignments were fraudulent. However, no evidence was presented supporting this allegation. Accordingly, the Robinsons lack standing to challenge the validity of the assignments.

{¶ 21} And considering the merits despite the Robinsons' lack of standing, the trial court's decision finding that U.S. Bank proved it was the assignee of the mortgage was not against the manifest weight of the evidence. Alan Blunt, Senior Principal of Litigation, Assistant Vice President for Mr. Cooper f.k.a. Nationstar Mortgage L.L.C., who is the servicing agent for U.S. Bank, testified that U.S. Bank was the current mortgagee of record under a corrective assignment. He stated that MERS, as nominee for FMF Capital assigned the Mortgage to U.S. Bank National Association as Trustee for MLMI SURF Trust Series 2007-BCI. On May 23, 2014, U.S. Bank was named in a corrective assignment, which was "being recorded to clarify the full name of the assignee on the Assignment Recorded 7/24/2007 #200707240323." Accordingly, the corrective assignment proves that U.S. Bank possessed the mortgage at the time the foreclosure complaint was filed.

{¶ 22} Nevertheless, the Robinsons contend that the corrective assignment was invalid because it named an entirely different entity from that in the original

assignment. In support, the Robinsons assert that because U.S. Bank named the original assignee as a defendant to the action, it is "apparent" that the two entities were distinct, and the corrective assignment was not being used to merely clarify the full name of the assignee in the original assignment. We disagree. The record reveals that the original assignee was named as a party defendant in the foreclosure action because it may have had an interest in the secured property pursuant to an assignment of a different mortgage recorded on October 4, 2006, in Instrument Number 200610040119. *See* Paragraph 7 of the Complaint and Preliminary Judicial Report filed December 2, 2015.

{¶ 23} The Robinsons also contend that the corrective assignment was invalid because FMF Capital, the original lender, was no longer in existence at the time the corrective assignment was executed. We disagree.

{¶ 24} It cannot be disputed that the mortgage clearly identifies MERS as "nominee for Lender and Lender's successors and assigns," and "is the mortgagee under this Security Instrument." Under well-settled Ohio law, MERS has the authority to assign a mortgage when that mortgage designates MERS as both nominee and mortgagee. *See Bank of New York Mellon v. Argo*, 5th Dist. Richland No. 14CA59, 2015-Ohio-268, ¶ 19. Accordingly, MERS had the right and ability to assign the mortgage to U.S. Bank.

{¶ 25} MERS's authority renders the fact that FMF Capital was no longer in existence at the time of the assignment to U.S. Bank "legally irrelevant." *See Slorp v. Lerner, Sampson & Rothfuss*, E.D.Ohio. No. 2:12-CV-498, 2017 U.S. Dist. LEXIS

94938 (July 19, 2016) (Courts have uniformly held that "it is legally irrelevant whether the originating lender was out of existence at the time MERS assigned the mortgage."), citing *Ghuman v. Wells Fargo Bank, N.A.*, 989 F.Supp.2d 994, 1001 (E.D.Ca. 2013) ("the fact Lender became defunct did not strip MERS's authority to act under the Deed of Trust"); *Handfield v. Wells Fargo Bank, N.A.*, N.D.Ga No. 12-cv-01080, 2013 U.S. Dist. LEXIS 55594, 6 (Jan. 23, 2013) ("This Court is unaware of any legal authority that would invalidate the assignment from MERS to Wells Fargo, simply because Utah Financial, the original lender, was defunct."); *Kiah v. Aurora Loan Servs., L.L.C.*, D.Mass. No. 10-40161-FDS, 2010 U.S. Dist. LEXIS 121252, 4 (Mar. 4, 2011) ("dissolution would not prevent its successors and assigns from seeking transfer of the mortgage from MERS"). Accordingly, the Robinsons' argument fails.

{¶ 26} Even if the corrective assignment were invalid, the fact that U.S. Bank was the holder of the note endorsed in blank means that U.S. Bank also had an equitable assignment of the mortgage. "The physical transfer of the note endorsed in blank, which the mortgage secures, constitutes an equitable assignment of the mortgage, regardless of whether the mortgage is actually (or validly) assigned or delivered." *Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, at ¶ 65.

{¶ 27} Finally, the Robinsons contend that the trial court abused its discretion in admitting evidence of the assignments because U.S. Bank violated Civ.R. 26 by failing to completely answer or supplement its answer to the Robinsons' interrogatories. At issue is the response to the Robinsons' interrogatory requesting

U.S. Bank to "identify every entity that has or has had an interest in the Mortgage, including any trust, and including any claimed equitable assignment of mortgage or claimed assignment by operation of law, and the date thereof." U.S. Bank responded that the information sought was irrelevant but answered that the mortgage was assigned to U.S. Bank prior to the filing of the complaint.

{¶ 28} In this case, even assuming that U.S. Bank somehow violated Civ.R. 26 by not fully answering the interrogatory or supplementing its response, the Robinsons suffered no prejudice. The information sought by the Robinsons existed in the record prior to trial by virtue of the Preliminary Judicial Report that was filed on December 3, 2015, with subsequent updated reports filed thereafter. The report contains all relevant information regarding the secured property, including how the Robinsons acquired title to the property, tax liabilities, and all old and current liens in the form of mortgages and assignments. Accordingly, it was not an abuse of discretion to allow U.S. Bank to provide evidence of the assignments because the record already contained such information.

## IV. Conclusion

{¶ 29} The record before this court demonstrates that the weight of the evidence supports the trial court's decision in granting U.S. Bank a decree of foreclosure on the Robinsons' real property. U.S. Bank presented the original note at trial, and Mr. Blunt testified that U.S. Bank, through its servicer, is in possession of the note and was in possession of the note at the time the foreclosure action was filed. The note is endorsed in blank, making it payable to bearer. Accordingly, U.S.

Bank is the holder of the note and mortgage and, thus, is a party entitled to enforce the mortgage.

{¶ 30} U.S. Bank also provided a corrective assignment of mortgage evidencing it is the assignee of the mortgage. Accordingly, U.S. Bank has demonstrated it has an equitable assignment of the mortgage. U.S. Bank further demonstrated that the Robinsons are in default of the terms of the mortgage because Terrence did not pay according to the terms of the Note and therefore also breached the terms and covenants of the mortgage. Mr. Blunt testified to the amounts due to U.S. Bank and that it complied with the conditions precedent as set forth in the Note and mortgage. Accordingly, a decree of foreclosure was properly granted; the assignment of error is overruled.

{¶ 31} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR