[Cite as *Moore v. Chagrin Valley Paving*, 2021-Ohio-1302.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| JEFF MOORE, | : | |
| Plaintiff-Appellant, | : | No. 109900 |
| v. | : | |
| CHAGRIN VALLEY PAVING, ET AL., | : | |
| Defendants-Appellees. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 15, 2021

Civil Appeal from the Bedford Municipal Court
Case No. 19-CVI-06130

### *Appearances:*

Jeff Moore, *pro se.*

Collins, Roche, Utley & Garner, L.L.C., Patrick M. Roche, and David L. Sherman, *for appellee* Chagrin Valley Paving.

Lewis Brisbois Bisgaard & Smith L.L.P. and Alexandra Eckrich, *for appellee* Greenman-Pedersen Inc.

MARY EILEEN KILBANE, J.:

{¶ 1} Pro se plaintiff-appellant Jeff Moore ("Moore") appeals from the trial court's judgment entry awarding him $450 plus interest for damages his vehicle

sustained when it struck a raised caster driving through a construction zone. For the reasons that follow, we affirm.

**Factual and Procedural History**

{¶ 2} On September 10, 2019, Moore was driving his 2003 Dodge Intrepid on SOM Center Road in Solon, Ohio. Around 6:30 p.m., Moore approached a construction zone in the road. He observed the construction in the area and signs alerting drivers to the presence of road work. Moore alleged that he saw the cars in front of him proceed over an alleged obstruction in the road, a caster that rose up approximately five inches, and that he saw the raised caster and drove over it. According to Moore, the raised caster damaged the undercarriage of his vehicle.

{¶ 3} On November 13, 2019, Moore filed a complaint in Bedford Municipal Court against defendants-appellees the city of Solon ("the city") and Chagrin Valley Paving ("CVP") seeking $6,000 in damages. The complaint alleged that the raised caster ripped out his car's oil pan and damaged the car's engine beyond repair. On November 14, 2019, Moore filed an amended complaint, naming Greenman Pedersen, Inc. ("GPI") as an additional defendant.

{¶ 4} On December 20, 2019, a hearing was held in Bedford Municipal Court. At the hearing, Moore testified that he was aware of the construction zone, that he was aware that he needed to use caution as he drove through the construction zone, that he drove through the construction zone at around 30 miles per hour, and that he observed the raised caster in the road and drove over it.

{¶ 5} On January 14, 2020, the magistrate issued a decision finding Moore 40% comparatively at fault for the damage to his vehicle and entering judgment against CVP in the amount of $450, with five percent interest. On January 24, 2020, Moore filed objections to the magistrate's decision. Defendants-appellees responded to Moore's objections, and the court held a hearing on the objections on July 8, 2020. On July 9, 2020, the court overruled Moore's objections and approved the magistrate's decision.

{¶ 6} This appeal follows.

**Legal Analysis**

{¶ 7} As an initial matter, we note that Moore's brief consists of a statement of facts, a "statement of the assignments" containing four listed errors, and a conclusion. Moore's four errors state:

I. The lower court stated that the Plaintiff was 40% at fault. How can I be at fault for driving down the road and hitting an exposed caster left behind by Chagrin Valley Paving construction project[?] In other words, you were in the wrong place at [the] wrong time.

II. The court did not base the 40% on the amount that the suit was filed for. In fact, I could not determine what value was used to award $450 v. $5,497 that was filed in the suit.

III. [The court] did not take into consideration [the] warning signs from news articles and complaints to the City of Solon prior to my incident on September 10, 2020.

IV. [The judge] did not take the oral brief seriously, [and] in fact he had already made his mind up before allowing the oral briefs (total time in courtroom six minutes.)

App.R. 16 requires an appellant's brief to include a table of contents, a table of cases cited, a statement of the assignments of error with reference to the place in the record where each assigned error is reflected, a statement of the issues presented for review, and an argument containing the appellant's contentions with respect to each assignment of error, including the reasons in support of the contentions, with citations to authorities, statutes, and parts of the record on which appellant relies. Therefore, Moore's brief minimally complies with App.R. 16.

{¶ 8} In Moore's first and third assignments of error, he argues that the trial court erred in finding him 40% comparatively at fault and erred by failing to consider that the city had received similar complaints prior to the incident involving Moore's vehicle.

{¶ 9} In reviewing a civil appeal from a bench trial, this court applies a manifest weight standard of review. *United States Bank Natl. Assn. v. Robinson*, 2020-Ohio-32, 150 N.E.3d 1262, ¶ 8 (8th Dist.), citing *Benton Village Condo Owners Assn. v. Bridge*, 8th Dist. Cuyahoga No. 106892, 2018-Ohio-4896, ¶ 13. A reviewing court "will not reverse the judgment as being against the manifest weight of the evidence if some competent, credible evidence supports all the essential elements of the case." *Id.*, quoting *Huntington Natl. Bank v. Miller*, 10th Dist. Franklin No. 14AP-586, 2016-Ohio-5860, ¶ 13, citing *C.E. Morris v. Foley Constr. Co.*, 54 Ohio St.2d 279, 280, 376 N.E.2d 578 (1978). Finally, in determining whether a civil judgment is against the manifest weight of the evidence, we are "guided by a

presumption that the findings of the trial court are correct." *Id.*, citing *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶ 10} Here, according to Moore's own testimony, he was aware of the alleged hazard in the road, having seen other vehicles drive over it, and he proceeded to drive over it without reducing his speed or attempting to avoid it. Further, the record reflects that there were numerous signs posted around the construction zone warning drivers of potential hazards. This is competent and credible evidence that Moore was comparatively at fault for the damages his vehicle sustained. Therefore, Moore's first and third assignments of error are overruled.

{¶ 11} In his second assignment of error, Moore challenges the trial court's award of damages. Specifically, Moore argues that it was unclear how exactly the court arrived at its award of $450, and he should have been awarded the amount he sought in his complaint. A reviewing court generally will not reverse a trial court's decision regarding its determination of damages absent an abuse of discretion. *Revilo Tyluka, LLC v. Simon Roofing & Sheet Metal Corp.*, 193 Ohio App.3d 535, 2011-Ohio-1922, 952 N.E.2d 1181, ¶ 53 (8th Dist.), citing *Roberts v. United States Fid. & Guar. Co.*, 75 Ohio St.3d 630, 634, 1996-Ohio-101, 665 N.E.2d 664. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 12} The record reflects that the court considered the approximate value of Moore's vehicle, a 2003 Dodge Intrepid with almost 200,000 miles on it at the

time of the incident, according to the Kelley Blue Book. Using this reference, the court determined that Moore suffered $750 in damages. Having found Moore 40% at fault, the court reduced this amount accordingly, resulting in an award of $450 plus interest. Moore argues that because his vehicle was in excellent condition, the court should have used a value at the higher end of the range found in Kelley Blue Book. Moore's disagreement with the court over the approximate value of his vehicle does not render the court's determination unreasonable, arbitrary, or unconscionable. Therefore, the court did not abuse its discretion in awarding Moore $450 in damages. Moore's second assignment of error is overruled.

{¶ 13} Finally, Moore appears to challenge the nature of the court's hearing on his objections to the magistrate's decision, alleging that the hearing only lasted six minutes and that the judge had made up his mind prior to the hearing. Moore does not support this assertion with any argument or reference to any legal authority. "'It is not the function of this court to construct a foundation for [an appellant's] claims.'" *Perk v. Tomorrows Home Solutions*, 8th Dist. Cuyahoga No. 107012, 2019-Ohio-103, ¶ 17. Pursuant to App.R. 12(A)(2), we may disregard an assignment of error if an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7). *Cleveland v. Hasan*, 8th Dist. Cuyahoga No. 98490, 2013-Ohio-820, ¶ 14. Therefore, we summarily overrule Moore's fourth assignment of error.

{¶ 14} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

SEAN C. GALLAGHER, P.J., and
EMANUELLA D. GROVES, J., CONCUR