[Cite as *Cardinal Minerals, L.L.C. v. Miller*, 2024-Ohio-2560.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MONROE COUNTY

CARDINAL MINERALS, LLC,

Plaintiff-Appellant,

v.

MENNO D. MILLER ET AL.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 23 MO 0018

---

Application for Reconsideration

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Sara E. Fanning, Atty. Emily K. Anglewicz,* and *Atty. David J. Wigham,* Roetzel & Andress, LPA, for Plaintiff-Appellant Cardinal Minerals, LLC and

*Atty. Matthew W. Onest* and *Atty. Kyle W. Rea,* Krugliak, Wilkins, Griffiths & Dougherty, Co., L.P.A., for Defendants-Appellees Menno D. Miller, Sarah B. Miller, Joseph M. Miller, Edna J. Miller, Barbara M. Miller, Jacob J. Byler, Rhoda M. Miller, and Alan D. Miller and

*Atty. Paul N. Garinger* and *Atty. Kristopher J. Armstrong,* Barnes & Thornburg, LLP, and *Atty. Craig E. Sweeney*, Taft, Stettinius & Hollister, L.L.P., for Defendant-Appellee SWN Production Company, LLC.

Dated: July 2, 2024

**PER CURIAM.**

{¶1} On June 14, 2024, Appellant, Cardinal Minerals, LLC, filed an application requesting that this court reconsider our decision in *Cardinal Minerals, LLC v. Miller*, 2024-Ohio-2133 (7th Dist.), in which we affirmed the judgment of the Monroe County Court of Common Pleas granting Appellees', SWN Production Company, LLC ("SWN") and Menno D. Miller, Sarah B. Miller, Joseph M. Miller, Edna J. Miller, Barbara M. Miller, Jacob J. Byler, Rhoda M. Miller, and Alan D. Miller (the "Millers"), motions for summary judgment and overruling Appellant's cross-motion for partial summary judgment because Appellant lacks standing in this oil and gas case. Appellant contends this court's decision affirming the trial court's judgment was in error and that we should, therefore, reconsider the opinion pursuant to App.R. 26(A). SWN and the Millers filed separate responses on June 24, 2024. Appellant filed a reply on July 1, 2024.

> App.R. 26, which provides for the filing of an application for reconsideration in this court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1981). The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.* An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

*D.G. v. M.G.G.*, 2019-Ohio-1190, ¶ 2 (7th Dist.).

{¶2} In its application, Appellant contends this court's determination that Appellant lacks standing required a dismissal of the action without prejudice. Appellant

believes this court repeated the trial court's error by improperly addressing the merits of Appellees' champerty and maintenance defenses and erroneously affirming the trial court's judgment.  In their responses, SWN and the Millers assert a lack of standing simply does not preclude a ruling on the merits of the underlying claims as Appellant suggests and that this court properly affirmed the trial court's judgment.

**{¶3}**    Contrary to Appellant's position, the record establishes this court did not make any obvious errors or render a decision that is not supported by the law.  Although the trial court held Appellant lacks standing to pursue its claims, this does not, however, preclude the court from also finding on the merits of the underlying claims.  Courts routinely make alternative decisions on the merits while simultaneously holding that a plaintiff lacks standing to sue.  *See Slodov v. City of Mentor*, 2019-Ohio-1052, ¶ 10 (11th Dist.), citing *State ex rel. Coles v. Granville*, 2007-Ohio-6057, ¶ 51 ("in general, the dismissal of an action because a party lacks standing is not a dismissal on the merits"); *U.S. Bank National Association v. Robinson*, 2020-Ohio-32, ¶ 21 (8th Dist.) ("considering the merits despite [the appellants'] lack of standing, the trial court's decision finding that [the appellee] proved it was the assignee of the mortgage was not against the manifest weight of the evidence").  Based on the facts presented, the trial court committed no error and this court properly addressed the merits of Appellees' champerty and maintenance defenses and affirmed the trial court's judgment.  *Cardinal Minerals*, 2024-Ohio-2133, at ¶ 21-43 (7th Dist.).

**{¶4}**    Upon consideration of the App.R. 26(A) application filed in the present matter, it is apparent that Appellant has not demonstrated any obvious errors or raised any issues that were not adequately addressed in our previous opinion.  This court is not persuaded that we erred as a matter of law.

**{¶5}**    An application for reconsideration is not designed to be used in situations wherein a party simply disagrees with the logic employed or the conclusions reached by an appellate court.  *Owens,* 112 Ohio App.3d at 336.  App.R. 26(A) is meant to provide a mechanism by which a party may prevent a miscarriage of justice that could arise when an appellate court makes an obvious error or renders a decision that is not supported by the law.  *Id.*  Appellant has made no such demonstration.

**{¶6}** For the foregoing reasons, Appellant's application for reconsideration is hereby denied.

**JUDGE KATELYN DICKEY**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**