[Cite as *First State Bank v. K&B Indus. Supply, Inc.*, 2018-Ohio-5243.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| The First State Bank, | : | |
| | : | |
| Plaintiff-Appellant, | : | Case No. 18CA18 |
| | : | |
| v. | : | |
| | : | |
| K & B Industrial Supply, Inc., et al., | : | |
| | : | DECISION AND JUDGMENT ENTRY |
| Defendants-Appellees. | : | |
| | : | |
| | : | **RELEASED: 12/12/2018** |

_____

APPEARANCES:

Daniel T. Yon, Bailes, Craig & Yon, PLLC, Huntington, West Virginia for Appellant The First State Bank.

James R. Havens, Adam M. Schwartz, Wesley W. Gilliland, Havens Limited, Columbus, Ohio for Appellee JP Morgan Chase Bank.

_____

HOOVER, A.J.

{¶1}    Appellant The First State Bank appeals a trial court order denying its motion for reconsideration of a prior entry in which the trial court found that JP Morgan Chase Bank held a superior lien position to First State Bank.  We ordered First State to file a memorandum addressing whether this court has jurisdiction to consider the appeal because the order appealed from may not be a final appealable order. First State conceded that it filed this appeal out of an abundance of caution but argued that the order could be construed as final because it disposes of First State's legal claim.

{¶2}    JP Morgan responded with a motion to dismiss and argues that the order appealed is not a final appealable order because an order deciding a motion for

reconsideration of a prior interlocutory order is also interlocutory.

{¶3}    We find that the trial court's entry is not a final appealable order. An order denying a motion to reconsider a prior entry establishing lien priorities in a foreclosure action is not a final appealable order. We **GRANT** JP Morgan's motion and **DISMISS** the appeal.

### Procedural History

{¶4}    First State filed a foreclosure action against K & B Industrial Supply and five other defendants that allegedly either have obligations to First State or have an interest in the real estate. A dispute arose concerning the priority of First State and JP Morgan's mortgages.  The trial court issued an entry in December 2017 in which it found that JP Morgan had a superior lien position as between JP Morgan and First State. The trial court based its finding, in part, on the timing of First State's filing of the foreclosure action and a statute of limitations. The December 2017 entry did not dismiss the case, address the rights of any remaining lienholders or the other defendants, or address the responsibilities of the mortgagor. First State appealed the December 2017 but the parties filed a joint motion to dismiss the appeal on the ground that "the Order from which the Appeal was taken was not a final order * * *." We granted the motion and dismissed the appeal. *See The First State Bank v. K & B Industrial Supply, Inc., et al.*, 4th Dist. Lawrence No. 18CA2, Entry (Mar. 12, 2018).

{¶5}    First State also filed a motion for reconsideration in which it asked the trial court to reconsider the December 2017 interlocutory entry. First State submitted an additional loan document as an exhibit to its motion. The trial court overruled the

motion.  First State filed a second motion for reconsideration arguing a different legal rationale than in its first motion. The trial court overruled the second motion for reconsideration and stated in part, that its December 2017 entry was a "dismissal upon a Final Appealable Order dated December 19, 2017 * * * ." First State appealed the trial court's order denying its second motion for reconsideration.

Legal Analysis

{¶6}    Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. *See, generally*, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter and it must be dismissed.   "An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met." *State ex rel. Scruggs v. Sadler,* 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101; *see also*, *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus. The threshold requirement, therefore, is that the order satisfies the criteria of R.C. 2505.02.

{¶7}    R.C. 2505.02 provides, in part:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment.

{¶8}    "A 'substantial right' for purposes of R.C. 2505.02 is a legal right enforced and protected by law." *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 545, 684 N.E.2d 72 (1997). " 'For an order to determine the action and

prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the trial court.' " *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 25, quoting *Natl. City Commercial Capital Corp. v. AAAA At Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663, ¶ 7. "Liability is fully and finally established when the court issues the foreclosure decree and all that remains is mathematics, with the court plugging in final amounts due after the property has been sold at a sheriff's sale." *Id.*

{¶9}   We recently discussed final, appealable orders in foreclosure cases:

> In an action to foreclose against real property, "two judgments are appealable." *CitiMortgage, Inc. v. Roznowski*, *supra*, at ¶ 35. The first, the foreclosure decree, "determines that damages have occurred and sets forth the parties' rights and liabilities as they are related to those damages." *Id.* at ¶ 24. More specifically, the foreclosure decree "determines the extent of each lienholder's interest, sets forth the priority of the liens, and determines the other rights and responsibilities of each party in the action." *Id.* The parties may appeal a foreclosure decree and "challenge the court's decision to grant the decree of foreclosure." *Id.* at ¶ 39. However, "[o]nce the order of foreclosure is final and the appeals process has been completed, all rights and responsibilities of the parties have been determined and can no longer be challenged." *Id.*
>
> The second judgment, the order confirming the property sale, "sets forth the specific damage amount and distributes the funds accordingly." *Id.* at ¶ 24. During the confirmation process "the issues present are limited to whether the sale proceedings conformed to law." *Id.* at ¶ 40. Thus, "the parties may challenge the confirmation of the sale itself, including computation of the final total owed by the mortgagor, accrued interest, and actual amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance." *Id.*

*PNC Bank, Natl. Assn. v. Roemer*, 4th Dist. Hocking No. 15CA28, 2017-Ohio-9391, ¶18-19. In addition, a dismissal of a foreclosure case with prejudice is a final appealable

order. *See Wheeler v. Ohio State Univ. Med. Ctr.,* 4th Dist. Scioto No. 03CA2922, 2004-Ohio-2769, ¶ 17 (a dismissal of a case with prejudice constitutes a final judgment).

{¶10}  Here the trial court's December 2017 entry establishing JP Morgan's priority over First State was interlocutory because it established lien priority between two lienholders – it did not address the rights of any remaining lienholders, the other defendants or the responsibilities of the mortgagor, nor did it dismiss the case. The trial court's later characterization of the entry as a "Final Appealable Order" is not binding upon us. *See generally PNC Bank*, at ¶ 23 ("although the trial court included a stamp that stated, in part, 'This is a Final–Appealable Order,' a trial court's purported determination is not binding upon the appellate court."), citing *In re Estate of Adkins*, 4th Dist. Lawrence No. 16CA22, 2016–Ohio–5602, ¶ 5. Therefore the trial court's judgment overruling the motion for reconsideration is also interlocutory. "If the judgment from which the moving party seeks relief is not final, then the motion is properly construed as a motion to reconsider and the court's order granting [or denying] that motion is interlocutory." *Fleenor v. Caudill*, 4th Dist. Scioto No. 03CA2886, 2003-Ohio-6513, ¶ 13, citing *Pitts v. Dept. of Transportation*, 67 Ohio St.2d 378, 423 N.E.2d 1105 (1981). Interlocutory orders are not appealable until the trial court renders a final judgment. *Id.* Thus, any purported errors First State believes the trial court made in either the December 2017 entry or its subsequent interlocutory orders can be reviewed on appeal of the final judgment.

{¶11}  Accordingly, we find the judgment entry appealed is not a final appealable order and the appeal is hereby **DISMISSED**. Motion to Dismiss is **GRANTED.**

{¶12} The clerk shall serve a copy of this order on all counsel of record at their last known addresses by ordinary mail.

**MOTION GRANTED. APPEAL DISMISSED. COSTS TO APPELLANT.  IT IS SO ORDERED.**

Abele, J. and McFarland, J.:  Concur.

**FOR THE COURT**

_____
Marie Hoover
Administrative Judge