[Cite as *First State Bank v. K & B Indus. Supply, Inc.*, 2020-Ohio-3376.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| THE FIRST STATE BANK, | : | Case No. 19CA22 |
| Plaintiff-Appellant, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| K & B INDUSTRIAL<br>SUPPLY, INC., et al., | : | |
| | : | **RELEASED 6/12/2020** |
| Defendants-Appellees. | | |

_____

APPEARANCES:

Daniel T. Yon, Esquire, Bailes, Craig, Yon & Sellards, PLLC, Huntington, West Virginia, for appellant.

James R. Havens, Adam M. Schwartz, and Wesley W. Gilliland, Havens Limited, Columbus, Ohio, for appellee JPMorgan Chase Bank, N.A.

_____

Hess, J.

{¶1}   The First State Bank ("First State") appeals from a judgment of the Lawrence County Court of Common Pleas ordering the sale of real property in a foreclosure action.  First State challenges the trial court's determination that it could not foreclose on a mortgage on the property and that JPMorgan Chase Bank, N.A. ("JPMorgan") had a superior lien position over it.  For the reasons that follow, we affirm the trial court's judgment.

I.  FACTS AND PROCEDURAL HISTORY

{¶2}   In October 2015, First State filed a complaint against K & B Industrial Supply, Inc. ("K&B"), Titan Industries, Inc. ("Titan"), Bobby Adkins, the Ohio Bureau of Workers' Compensation ("BWC"), and the Lawrence County Treasurer. First State

alleged Titan and Adkins were "borrowers and signatories" on a promissory note dated January 8, 2009, for the principal sum of $118,750, and First State was the owner and holder of the note. According to a copy of the note attached to the complaint, full payment of $122,906.25 was due on July 7, 2009. First State alleged the note was secured by three mortgages (one dated January 8, 2009, and recorded January 30, 2009, and two dated August 9, 2012, and recorded September 4, 2012) on real property K&B owned in Lawrence County. First State alleged there had been a default under the terms of the note and mortgages and sought a judgment on them for $117,899.68 plus interest from September 30, 2015 and accrued late charges. In addition, First State sought foreclosure of the mortgages and sale of the real property to satisfy the debt. First State asserted that under the terms of the mortgages, it was entitled to attorney's fees, court costs, and other expenses incurred in the action "as additional debt secured by the Mortgages." First State alleged that BWC might claim an interest in the property for unpaid workers' compensation taxes and that the county treasurer might claim an interest in the property for unpaid real property taxes. First State later amended its complaint to add JPMorgan as a defendant, alleging it might claim an interest in the property for an unreleased recorded mortgage.

{¶3} None of the defendants filed an answer except JPMorgan, which also filed a counterclaim and "third party complaint." JPMorgan alleged that around May 5, 2010, K&B executed and delivered to it two promissory notes, one for the principal sum of $327,722.84 and one for the principal sum of $750,000. To secure payment of the first note, K&B executed and delivered to JPMorgan a mortgage on the real property, which was recorded on May 6, 2010. To secure payment of the second note, K&B executed

and delivered to JPMorgan a Security Agreement and Financing Statement which granted it a "first lien security interest" in K&B's current and future inventory, chattel paper, accounts, equipment, and general intangibles. JPMorgan alleged that K&B had defaulted on the notes, mortgage, and security agreement. JPMorgan sought judgment against K&B on the first note for $288,954.07 plus interest from September 30, 2015, until entry of judgment, and judgment against K&B on the second note for $653,861.80. JPMorgan requested foreclosure of its mortgage and the sale of the real property to satisfy the debt. JPMorgan alleged that First State, BWC, and the treasurer might claim liens on the real property and requested a finding that its lien was the first and best lien inferior only to that of the treasurer for unpaid ad valorem real property taxes. JPMorgan also asked the court to marshal liens on the collateral subject to the security agreement (which it alleged might include a lien of First State), find that its lien was the first and best lien, and either order that the collateral be sold and the proceeds be applied to K&B's debt or that the collateral be turned over to JPMorgan for disposition. JPMorgan alleged that under the terms of its mortgage and security agreement, K&B had to reimburse it for expenditures necessary to protect the real property and collateral.

{¶4} The parties stipulated that with regard to JPMorgan's first note and mortgage, as of July 18, 2017, K&B owed JPMorgan $306,560.58 ($262,783.68 in principal; $42,471.46 in past-due interest, and $1,315.44 in late fees and costs), and a magistrate conducted a bench trial to resolve the lien position of First State in relation to JPMorgan regarding the real property. JPMorgan claimed that it had paid off the First State note, so First State's first mortgage, which was recorded before JPMorgan's mortgage, had been satisfied, and JPMorgan had the superior lien. In its closing

argument, JPMorgan also asserted that First State could not enforce its note or foreclose on its first mortgage because the six-year statute of limitations for an action on the note expired before First State filed its complaint, and First State failed to prove there had been a default or the amount of principal and interest due.  The magistrate found the loan that was the subject of First State's note and first mortgage "was not paid off" and First State had the senior lien on the real property.  The magistrate also found that there had been a default on the note and mortgage, and First State was entitled to $117,899.68 plus interest from September 30, 2015, accrued late charges, attorney fees, and costs.

{¶5}  JPMorgan filed objections to the magistrate's decision reasserting its earlier arguments.  On December 19, 2017, the trial court concluded First State filed its complaint outside the six-year statute of limitations "as to the Note, Mortgage, and debt owed to First State Bank," rejected the magistrate's decision, and concluded JPMorgan had a superior lien position to First State. First State moved for reconsideration suggesting that JPMorgan forfeited its statute of limitations argument and arguing that First State had evidence that the maturity date on its note had been modified to August 15, 2013, thereby extending the statute of limitations.  First State also appealed from the December 19, 2017 entry, but we later granted a joint motion of First State and JPMorgan to dismiss the appeal for lack of a final appealable order.  *First State Bank v. K & B Indus. Supply, Inc.*, 4th Dist. Lawrence No. 18CA2 (Mar. 12, 2018).

{¶6}  The trial court denied the motion for reconsideration because First State did not enter the loan modification agreement into evidence, so "the facts and evidence have not changed from the original trial * * *."  First State moved for leave to amend its

complaint to allege modification of its note and incorporate a copy of the loan modification agreement into the complaint. The magistrate denied the motion, and the trial court adopted that decision.

**{¶7}** First State filed a second motion for reconsideration of the December 19, 2017 entry asserting that even if an action on its promissory note was time-barred, it could still file a foreclosure action on a mortgage, which is governed by a longer statute of limitations, and its first mortgage was superior to JPMorgan's later recorded mortgage. JPMorgan agreed that "First State's inability to obtain a judgment on its Note does not affect its priority" but argued that First State still could not foreclose for other reasons, including a failure to prove a default and the amount of principal and interest due.

**{¶8}** The trial court denied the second motion for reconsideration, concluding it

> must find that First State Bank cannot enforce its Note or foreclose on its mortgage due to the fact that First State Bank would have to prove that there was a default and the appropriate amount of principle [sic] and interest due. This did not occur in the trial of this case and accordingly, would not be appropriate under a Motion for Reconsideration.

First State appealed, we sua sponte raised the issue whether the trial court's decision was a final appealable order, and JPMorgan moved to dismiss. *First State Bank v. K & B Indus. Supply, Inc.,* 4th Dist. Lawrence No. 18CA18, 2018-Ohio-5243, ¶ 1-2. We granted the motion and dismissed the appeal for lack of a final appealable order. *Id.* at ¶ 3.

**{¶9}** Subsequently, the trial court issued an entry ordering the sale of the real property. The court held that JPMorgan had "a superior lien position" over First State and entered judgment on JPMorgan's first note and mortgage. The court concluded that JPMorgan was entitled to a judgment against K&B for $306,560.58 plus "interest at the

statutory rate from the date of judgment and costs as permitted by law." The court held that if K&B failed to pay the "sums hereinbefore found due, together with the costs of this action" within three days, its equity of redemption shall be foreclosed and the sheriff shall proceed with a sale of the real property "free and clear of the interests of all parties to this action." The court also held that the treasurer's interest in the property would "be protected in accordance with Ohio law at the confirmation phase of these proceedings" and that the sale proceeds "shall be first applied to satisfy any ad valorem real property taxes and costs herein in full, then applied to satisfy JPMorgan's lien in full, and any remaining amounts shall be paid to the Court for further determination regarding to whom such amounts are properly owed[.]" The court implicitly rejected First State's claims on its note and three mortgages that allegedly secured the note, confirming the prior determination that the bank failed to prove there was a default on the note and the amount of principal and interest due. Although the court did not resolve JPMorgan's claims regarding its second promissory note and security agreement, it made a determination that there was "no just reason for delay" pursuant to Civ.R. 54(B). This appeal followed.

## II. ASSIGNMENT OF ERROR

{¶10} First State assigns one error for our review: "The Court failed to recognize under case law that although the statute of limitations may have expired on the promissory note, the First State Bank still could enforce its rights under its mortgage."[1]

---

[1] Although First State alleged its note was secured by three mortgages, its assignment of error references only a single "mortgage" and appears to focus on the first mortgage.

### III. LAW AND ANALYSIS

#### A. Motion to Amend Complaint

**{¶11}** First State contends that the trial court erred when it denied First State's motion for leave to amend the complaint to address the modification of its promissory note. However, First State did not assign the trial court's ruling as error, so we need not address this issue. *See* App.R. 16(A)(3) (an appellant's brief "shall include * * * [a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected"); App.R. 12(A)(1)(b) (an appellate court "shall * * * [d]etermine the appeal on its merits on the assignments of error set forth in the briefs under App. R. 16"); *State v. Fannon*, 2018-Ohio-5242, 117 N.E.3d 10, ¶ 135 (4th Dist.) (an appellate court is "charged with deciding assignments of error, not mere arguments").

#### B. Statute of Limitations

**{¶12}** First State contends the trial court erred when it found First State could not foreclose on its first mortgage because the statute of limitations on the underlying note had expired and erred when it denied reconsideration of this ruling. The trial court implicitly retracted this ruling when it denied the second motion for reconsideration on the basis that First State still could not foreclose due to an evidentiary problem, i.e., it failed to prove that there was a default and the amount of principal and interest due. Therefore, First State's contention is moot.

#### C. Default and Principal and Interest Due

**{¶13}** First State appears to contend that the trial court applied the wrong legal standard when it concluded that First State could not foreclose on its first mortgage

because it failed to prove there was a default and the amount of principal and interest due. First State asserts that it "must only establish that it is the holder of the Mortgage and entitled to the remedies thereunder." First State notes that "the default and balance were pled in the Complaint and the borrower did not file an answer denying that a default had not [sic] occurred." In addition, First State suggests the trial court's decision is against the manifest weight of the evidence because the trial transcript shows "default and balance was proven at trial without objection." JPMorgan contends that the assignment of error does not raise these issues, that First State had to but did not prove the amount of principal and interest due, that First State's mortgage did not secure its note, and that the note has been paid off.

{¶14} Even if the assignment of error is broad enough to encompass First State's arguments about default and the amount of principal and interest due, the arguments lack merit. The issue whether the trial court applied the correct legal standard is a question of law we review de novo. *Name Change of Rowe*, 2019-Ohio-4666, 135 N.E.3d 782, ¶ 16 (4th Dist.). And "[w]hen an appellate court reviews whether a trial court's decision is against the manifest weight of the evidence, the court weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed." *Wootten v. Culp*, 2017-Ohio-665, 85 N.E.3d 198, ¶ 19 (4th Dist.). "A reviewing court may find a trial court's decision against the manifest weight of the evidence only in the ' "exceptional case in which the evidence weighs heavily against the [decision]." ' " (Alteration in *Cline*.) *Cline v. Rogers Farm Ents., LLC*, 2017-Ohio-1379,

87 N.E.3d 637, ¶ 20 (4th Dist.), quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). "[W]hen reviewing evidence under the manifest weight of the evidence standard, an appellate court generally must defer to the fact-finder's credibility determinations." *Id.* at ¶ 20.

{¶15} The trial court correctly concluded that First State could not foreclose on its mortgage without proof that K&B was in default and the amount of principal and interest due. To prevail in a foreclosure action, a plaintiff must show that: " ' "(1) the [plaintiff] is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the [plaintiff] is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due." ' " *Beneficial Fin. I Inc. v. Saunders*, 4th Dist. Gallia No. 18CA5, 2019-Ohio-3577, ¶ 15, quoting *HSBC Mtge. Servs., Inc. v. Watson*, 3d Dist. Paulding No. 11-14-03, 2015-Ohio-221, ¶ 24, quoting *Wright-Patt Credit Union, Inc. v. Byington*, 6th Dist. Erie No. E-12-002, 2013-Ohio-3963, ¶ 10 (explaining evidence a plaintiff must present to properly support a summary judgment motion in a foreclosure action); *See also Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, ¶ 28 ("A mortgagee bears the burden to demonstrate the extent of the mortgage lien, which is measured by the amount of the outstanding mortgage debt. * * * Generally, 'the promissory note is the primary evidence of the debt,' *Washer v. Tontar*, 128 Ohio St. 111, 113, 190 N.E. 231 (1934), and the borrower's history of payments is evidence of amounts credited to reduction of the principal, which proportionately reduce the mortgage lien * * *"). First State cites no legal authority that

stands for the proposition that evidence of default and the amount of principal and interest due is not required. It also cites no legal authority to support its suggestion that it did not need to introduce evidence of those matters because they were pled in the complaint and the borrower did not deny them in an answer.

{¶16} First State's manifest weight of the evidence argument is not well-taken. First State directs our attention to a portion of the trial transcript in which Matthew Call, Vice President of First State, testified that there was "a default for non payment" on First State's note. Counsel for JPMorgan objected on the basis of a lack of foundation. The magistrate asked Call how he knew the loan was in default, and he testified, "I work these loans, I work with the loans every single day. Um, and based off of histories and reports [sic]." The magistrate did not specifically rule on the objection, and Call went on to testify that the bank's customary practice when there is a default on a note is to engage in collection activity and depending on the collateral, repossession and foreclosure. Counsel for First State asked Call, "As we sit there today, um, default under this note and the mortgage have not been insured? [sic]" Call testified, "Correct." First State claims the word "cured" was improperly transcribed as "insured" but did not seek to correct this purported error under the appellate rules. *See* App.R. 9(E) ("If anything material to either party is omitted from the record by error or accident or is misstated, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that omission or misstatement be corrected, and if necessary that a supplemental record be certified, filed, and transmitted").

**{¶17}** Even if there was a transcription error and Call's testimony was sufficient to establish that a default occurred, First State did not introduce any evidence to demonstrate the amount of principal and interest allegedly owed it, such as the history of payments on the note. Therefore, the trial court's determination that First State could not foreclose on its mortgage was not against the manifest weight of the evidence.

**{¶18}** For the foregoing reasons, we overrule the sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.:  Concur in Judgment and Opinion.


For the Court




BY:  _____
          Michael D. Hess, Judge




### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**